The opinion of the court was delivered by
Brewer, J.:
This action was on the following written instrument:
“Sept. 30, 1871.— On or before the first day of January, 1872, for value received I promise to pay to E. R. Cutler, or order, the sum of one hundred and eighty-seven dollars and fifty cents, to be paid in sawing at the rate of $1.25 per hundred. Said sawing to be done at what is known as the Shoo-Fly Mill ih"the vicinity of Bellviile. “ C. Schnier.
“D. Jacobs.”
On the 20th of December 1871 Cutler sold and delivered this note to the defendant in error, who in June 1872 brought suit and recovered a money judgment for the face of the note and interest. Of this judgment plaintiffs in error, the makers of the note, complain, and as a first cause of error allege that defendant in error could not bring this action in his own name. The point is not well taken. Code, § 26; Williams v. Norton, 3 Kas., 295.
*185 Again, it is objected that the note is payable in “sawing,” and that no demand at the proper time and place was shown. The finding of the court, which is sustained by the evidence, is, that at the time of the execution of the note the mill was not in running order, but was put in running order in October, and run for a few days; that then the defendants informed Cutler “ that it was in running order, but that some of the machinery needed repairing and some would be replaced by new machinery; that they would go home, and would be ready to saw the lumber mentioned in the instrument in two or three weeks;” that- Cutler declared his readiness to furnish logs as fast as they wanted; that thereupon they left the county, and went home to Labette county, taking with them some necessary parts of the mill machinery, and placing other parts in a house near by the mill for safe-keeping; that they remained away until the spring following, and no communication passed between the parties in the meantime. It appeared from the testimony that Cutler and Fay were ready to deliver the logs at any time during the fall, and before the note became due, but did not, because there was no one about the mill- to receive or take care of them. Under these circumstances we see no error in the judgment. The plaintiffs in error had not performed their agreement. They had promised to pay a certain amount in sawing, and had not done so. At the time the work was to be done, they absented themselves from the place where it was to be done. A demand at such time and place would have been idle, for there was no one, on whom to make the demand. It would have been useless to have delivered logs at the mill, for there was no one to receive or take care of them, and no one to saw them. The obligation to pay was on the makers of the note, and they could excuse the nonpayment only by showing that it resulted from the fault of the payee or his assignee.
The judgment of the district court will be affirmed.
All the Justices concurring.