53　477
54　460

## Andrew D. Ricketts v. Frederick J. Rogers.

Filed January 19, 1898.　No. 7757.

1. **Contract: Construction: Question for Court.**· When the meaning of a written contract can be ascertained without the aid of extrinsic evidence, its interpretation belongs to the court and not to the jury.

2. ——: ——: ——.　Contract in suit examined in connection with the undisputed evidence and *held* to present no reason for committing its interpretation to the jury.

Error from the district court of Lancaster county. Tried below before Hall, J.　*Reversed.*

*Ricketts & Wilson,* for plaintiff in error.

References: *Sanford v. Sornborger,* 26 Neb. 295; *Pryor v. Hunter,* 31 Neb. 678; *Treitschke v. Western Grain Co.,* 10 Neb. 358; *Hamley v. Doe,* 36 Neb. 398; *Slade v. Swedeburg Elevator Co.,* 39 Neb. 600; *Swartz v. Duncan,* 38 Neb. 782; *Hall v. Wheeler,* 37 Minn. 522, 35 N. W. Rep. 377; *City of Muscatine v. Keokuk Northern Line Packet Co.,* 45 Ia. 185; *Regan v. Baldwin,* 126 Mass. 485; *Harbach v. Miller,* 14 Neb. 9; *Treat v. Price,* 47 Neb. 875; *Wagner v. Ladd,* 38 Neb. 161; *Weber v. Kirkendall,* 44 Neb. 766.

*Lamb & Adams, contra.*

Sullivan, J.

This was an action in the district court for Lancaster county.　A trial resulted in a verdict and judgment. against Ricketts, who brings the case to this court for review by petition in error.

The facts are these: In July, 1892, Rogers sold Ricketts a half-section of land in Lancaster county subject to the right of way of the Fremont, Elkhorn & Missouri Valley Railroad Company.　The purchase price agreed upon was $12,300, of which $600 was cash.　The balance was to be paid March 1, 1893, when possession was to be delivered, an abstract of title furnished, and deed of con-

veyance executed to the purchaser. At the appointed time the parties came together to carry out their agreement. It was then discovered that Rogers had previously conveyed to the railroad company, in addition to the right of way, a strip 130 feet wide and 1,000 feet long out of the northeast corner of the land aforesaid. On account of Rogers' inability to make title to this strip Ricketts demanded a rescission of the contract or a suitable abatement from the purchase price. Thereupon a discussion ensued touching the damage occasioned by the loss of the three-acre strip. Ricketts insisted that the damage was $500 and Rogers maintained that it did not exceed $120, and offered to compromise for that sum. The evidence is conflicting as to the terms on which the transaction was consummated, but it is not disputed that an agreement was reached, in pursuance of which Rogers delivered the deed for the land, received the purchase price, except $250, and took from Ricketts the written contract here set out:

"RICKETTS & LYON, GRAIN.
"A. D. Ricketts.
"References: First National Bank, American Exchange National Bank.
"LINCOLN, NEB., March 1, 1893.

"Mr. F. J. Rogers has left in my hands two hundred and fifty dollars to cover damages for a strip of land 130 feet wide and 1,000 feet long, along the right of way of the Fremont & Elkhorn Valley R. R., which strip commences on the north line of west half of section 18, town 11, range 7, Lancaster county, Nebraska, and runs 1,000 feet south on west side of right of way of said railroad. The condition of this contract is this: If Mr. F. J. Rogers makes A. D. Ricketts a good warranty deed for said strip of land, then the said Ricketts is to refund the $250 to Rogers. A. D. RICKETTS."

As to whether the $250 was retained as agreed compensation for the loss of the three-acre strip or as an in-

demnity for actual damages to be thereafter ascertained is a question about which the parties do not agree. The contract quoted was executed after the delivery of the deed and payment of the purchase-money, except the sum of. $250. It was executed at Rogers' request, expressed in this language: "You give me something in black and white ·to show that you owe me $250 on the purchase price of the farm." The entire controversy between the parties related to the amount of the purchase-money which Ricketts should retain as compensation for the loss of the three-acre strip; and thus it appears that the written contract was made and delivered as the final repository and appropriate evidence of the conclusion reached upon the matter in dispute.

At the trial the court declined to construe the contract and submitted it to the jury for construction. In view of the conceded facts this was error. This agreement recites that $250 is left in Ricketts' hands to cover dam- ·ages, and clearly prescribes the condition on which Rogers shall be entitled to receive it. Its essential terms are not ambiguous or obscure, and extrinsic evidence was not needed to aid in its exposition. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.