E. McGrath v. Frank Crouse *as Administrator.*
**No. 170.**

1. Condition Precedent—*provision in contract held not to be.*
Where a written contract contains a stipulation that "all disputes
or questions that may arise in regard to prices of stock, shall be
settled by a reliable and competent person agreed upon by the
parties to this contract," *held*, that such a stipulation is not a
condition precedent to the maintenance of a suit, and is a matter
of defense.

2. Parol Testimony—*admissible to explain uncertain terms.*
Where a written contract provides that goods shall be listed at
"cost in market" with five per cent. added, parol testimony is ad-
missible to show the meaning given to the terms by the parties to
the contract. And where a written contract fails to provide a
means by which the price of fixtures and tools are to be deter-
mined, proof of an oral contract as to their price is admissible.

3. Evidence—*incompetent, but immaterial in this case.* Where
the trial court erroneously permits the introduction of testimony
which contradicts or varies the terms of a written contract as to
the price of certain goods, and where the jury in their answers to
special questions state that they allow the plaintiff nothing on ac-
count of such goods, *held*, that the substantial rights of the
defendant are not prejudiced thereby, and the error is immaterial.

4. Instructions and Questions—*properly refused.* The instruc-
tions refused and given and the special questions refused and
given, examined, and no error found in the rulings of the trial
court thereon.

Error from Franklin District Court. Hon. A. W.
Benson, Judge. Opinion filed November 10, 1897.
*Affirmed.*

*J. W. Deford*, for plaintiff in error.

*C. A. Smart* and *W. S. Jenks*, for defendant in error.

Dennison, P. J. This action was commenced by
Crouse against McGrath to recover the damages al-
leged to have been sustained by him on account of
the fraud of McGrath in the performance of a written

S. Dept.        Opinion. Dennison, P. J.        6 Kan. App.

contract.    McGrath and Crouse entered into a writ-
ten contract, by which McGrath agreed to exchange
his "stock of hardware, tin, agricultural machinery,
tinner's and harness-maker's tools," with Crouse for
360 acres of land owned by him.    McGrath was to
list all his goods in stock at cost in market with five
per cent. added, except one car-load of wire, which
was to be listed at actual cost and freight and three
dollars drayage.    The stock of goods was to be listed on
October 12, 1891, and the difference between the value
of the goods so found and the value of the land, fixed
at ninety-three hundred dollars, was to be paid in cash
and note as therein provided.    It is stipulated in the
contract that all disputes or questions that might arise
in regard to the prices of stock should be settled by a
competent and reliable person agreed upon by the
parties to the contract.    The exchange was consum-
mated and the properties were delivered to the re-
spective owners.

Some time afterward Crouse commenced this action,
and alleged in his petition that McGrath furnished
him and those who were assisting him in making an
inventory of the goods, with the cost mark and the
key to the same, and that they proceeded to and did
list the stock according to the said cost mark, believ-
ing that said cost mark represented the first cost of
the goods in the wholesale market, when in truth
and in fact said cost mark represented the cost in
the wholesale market and ten per cent. or more added
thereto to defray the cost of freight, drayage, and
other incidental expenses, all of which McGrath well
knew.

The petition also alleges that it was agreed and
understood between the parties to the contract, that
the term "cost in the market" should mean the first

cost in the wholesale market where the said goods were purchased; except so much of said goods and other property as were purchased by said McGrath in Williamsburg, Kan., and that the five per cent. added was to be paid by said Crouse to cover the freight and other expenses incident to the transportation of the goods from the wholesale market where such goods were purchased, to Williamsburg. The petition further alleges that a portion of the goods and fixtures and tools were purchased by McGrath from one Fogle, of Williamsburg, and that it was agreed between the parties that the goods, fixtures and tools so purchased should be listed by McGrath to said Crouse for just what McGrath had paid said Fogle for said goods, tools and fixtures, and no more ; that McGrath represented that he had an invoice of all the goods, tools and fixtures he had purchased from said Fogle, which would show the exact prices he had paid said Fogle for them ; that the said goods, tools and fixtures were listed from said invoice, and that said invoice had been mutilated and partially rewritten, and represented, not the prices which McGrath had paid to Fogle for them, but represented an amount twice as large, all of which McGrath well knew and of which Crouse was ignorant.

The case was tried to a jury, and they returned a verdict in favor of Crouse and against McGrath in the sum of $926.44.

A motion for a new trial was filed, which was by the court overruled on the condition that the plaintiff reduce said verdict to the sum of $850, to which the plaintiff assented, and judgment was rendered for $850 and costs.

The defendant excepted to the orders and judgment of the court, and he brings the case here for review.

510          McGRATH v. CROUSE.

S. Dept.          Opinion.   Dennison, P. J.          6 Kan. App.

The motion to dismiss was based upon the arbitration clause in the contract. We are of the opinion that the clause did not cover the question of McGrath's fraud, but in any event the submission is not a condition precedent to the maintenance of a suit, and is a matter of defense. In *Richardson v. Emmert* ( 44 Kan. 262 ), an arbitration clause much stronger than the one in this case was held not to oust the courts of their jurisdiction, and was no bar. to the action.

The evidence which the plaintiff in error claims was erroneously admitted, was the evidence as to the term "cost in market." This term was properly explained by evidence of the meaning given to it by the parties at the time of the execution of the contract. This term has no such fixed meaning as is contended for by the plaintiff in error, *i. e.*, the price in the wholesale market with cost of transportation added. We think the price proven by the defendant in error would be more nearly in harmony with its general usage. It is also contended that, as the contract nowhere mentions the fixtures, it was error to permit Crouse to prove that the fixtures were to constitute a part of the stock and be listed upon the same terms as to prices. The price to be paid for the fixtures and tools was not settled by the express terms of the written contract. Proof of an oral contract as to their price was therefore admissible. McGrath claims that he had a right to obtain all he could for them. Crouse claims that the oral contract. settled the basis upon which they should be priced. The jury has settled the controversy in favor of Crouse.

A more serious objection is presented by the admission of the testimony introduced tending to show that McGrath agreed to put in the goods bought of Fogle

McGRATH v. CROUSE.                    511

Nov. 10, 1897.        Opinion.  Dennison, P. J.              E. Div.

at the price he paid Fogle for them.  This changes the express terms of the written contract, which provides that all the goods shall be listed at cost in market with five per cent. added.  This was a manifest error.  It is contended by defendant in error that, if this was error, the substantial rights of the plaintiff in error were not prejudiced thereby.  An examination of the special questions submitted to the jury upon the request of the plaintiff in error, and the answers of the jury thereto, satisfies us that the contention of the defendant is correct.  In answer to special question number six, the jury say that McGrath settled with Crouse upon a dispute which arose between them upon one thousand dollars' worth of the Fogle goods, by deducting the sum of one hundred dollars from the inventoried price thereof ; and in answer to special question number twenty-one, they say they allow Crouse nothing on account of the goods bought of Fogle.  The error is therefore immaterial.

We have carefully examined the instructions refused and those given, as well as the special questions which the court refused to submit to the jury, and we find no error in the rulings of the court thereon, nor do we see any good purpose to be served by taking them up in detail and embodying our conclusions thereon in this opinion.  The questions are mostly covered by the points already decided herein.  It is obvious that the court did not err in overruling the motion for a new trial.

The judgment of the District Court is affirmed.