WESTERN MANUFACTURING COMPANY V. J. J. ROGERS ET AL.

FILED APRIL 8, 1898.   No. 7918.

1. **Evidence Contradicting Terms of Note.** A promissory note or contract cannot be varied, qualified, or contradicted by evidence of a prior or contemporaneous agreement resting in parol.

2. **Note: INDORSEMENT OF CONDITIONS: WAIVER.** A memorandum indorsed on a promissory note, to the effect that the promise may be discharged by substitution of other obligations of the makers within a given time, is for the benefit of the makers, and if they fail to avail themselves of the privilege or option, within the prescribed period, the note becomes absolute, and a recovery may be had thereon, after maturity, according to its legal import.

3. **Action: ADMISSION OF LIABILITY: INSTRUCTION.** Where, on the trial, the defendant admits on the record full liability on a cause of action set forth in the petition it is error to refuse an instruction tendered to find for plaintiff as to such cause of action.

4. **Construction of Contract.** The interpretation of a written contract is for the court and not for the jury, when it is capable of being construed by its terms alone, unaided by extrinsic facts.

ERROR from the district court of Hall county. Tried below before KENDALL, J. *Reversed.*

*George H. Thummel* and *Lamb, Adams & Scott,* for plaintiff in error.

*Abbott & Caldwell, contra.*

NORVAL, J.

The Western Manufacturing Company set forth in its petition in the court below two causes of action, the first·

of which was to recover the sum of $76.66 with seven per cent interest thereon, as a balance alleged to be due from defendants for goods sold and delivered. The second count of the petition was upon a promissory note for $208.50, executed by the defendants on October 1, 1891, due one year thereafter, and payable to the order of plaintiff, with interest at eight per cent from maturity. The note at the time it was signed and delivered contained the following indorsement:

"This note is given for six mowers and two hay rakes on hand with J. J. & B. J. Rogers, October 1, 1891. The same .are to be sold by said J. J. & B. J. Rogers during the season of 1892, and at the maturity of this note we are to accept in payment of the same their notes due on the average time on which said mowers and rakes were sold.

"WESTERN MFG. CO.,

"M. D. WELCH, Sec'y and Treas."

The petition charges that the foregoing indorsement gave the defendants an optiŏn or privilege to take up the note in a certain manner, and that they neglected and refused to avail themselves of such option, wherefore they are liable for the face of the note and interest. The defendants answered by a general denial of the averments of the petition, and pleaded that in 1890 plaintiff appointed the defendants its agents to sell certain farm machinery, principally mowers and rakes, and repairs therefor, and that under said agreement they received certain machines and repairs, including the goods described in the petition, also the six mowers and two rakes mentioned as being the consideration for said note; that for the purpose of keeping true and correct accounts between the parties books were opened and all goods shipped to defendants were charged to them; that in October, 1891, M. D. Welch, plaintiff's secretary and treasurer, represented to defendants that plaintiff was dispensing with certain portions of its book-keeping, and requested defendants to execute the note sued on, and

Welch indorsed thereon the said memorandum, promising at the time and before said note was executed that it would .show said machines were held as commission goods in the hands of defendants, which would not have to be paid for unless sold; that under such representations they signed and delivered said note to plaintiff; that no part of the same was to be paid unless said goods were sold; that defendants paid freight on the machines on hand to the amount of $50 and that their storage was of the value of $50, for which they asked compensation. The reply was a general denial. Plaintiff obtained a verdict for $101.60, and to obtain a review of the order and judgment denying its motion for a new trial is the purpose of this proceeding.

On the trial the defendants, over the objection of plaintiff, were permitted to introduce parol testimony tending to prove that the note in controversy was given for the sole purpose of showing the amount of unsold goods which the defendants had belonging to plaintiff; that it was the distinct agreement between the parties, when the note was executed, that defendants would not have to pay the same if the goods were not sold, and that defendants subsequently sold two rakes and one mower. It is argued that the admission of the testimony just indicated was erroneous, for the reason it was an attempt to defeat the legal effect of the note in suit by an alleged parol contemporaneous agreement. It is a familiar rule that such evidence is inadmissible to vary, modify, or contradict a written instrument. The note and memorandum indorsed thereon are parts of the same contract and must be construed together. When thus interpreted, it is obvious the agreement was that defendants were to pay plaintiff, in consideration of the six mowers and two hay rakes, the sum of $208.50 one year after the date of the note, with interest, with an option to the payors to make settlement by giving their own notes due on the average time on which said machinery should be sold by them during the season of 1892. There

is no room to doubt that the title to the property vested in the defendants, and that no inference can be properly drawn from the note and memorandum that after the execution and delivery thereof the relation of principal and agent existed between the parties. It was clearly incompetent for the defendants to introduce parol proofs for the purpose of contradicting the written agreement expressed in the note and memorandum, by showing that the machinery was held by the defendant for sale on commission and was not to be paid for until the same was disposed of. (*Newton Wagon Co. v. Diers*, 10 Neb. 284; *Clarke v. Kelsey*, 41 Neb. 766; *Kaserman v. Fries*, 33 Neb. 427; *Waddle v. Owen*, 43 Neb. 489; *Van Etten v. Howell*, 40 Neb. 850.) The option contained in the memorandum in question was a stipulation for the benefit of the defendants, which they could avail themselves of or not as they might elect. They neglected to discharge the obligation by the substitution of other notes according to the privilege given them; therefore the note in suit, upon its maturity, became an absolute promise of the defendants to pay the sum therein mentioned with interest. (*M'Rae v. Raser*, 9 Port. [Ala.] 122; *Nesbit v. Pearson*, 33 Ala. 668; *State v. Shupe*, 16 Ia. 36; *Schnier v. Fay*, 12 Kan. 184.)

An instruction was tendered, which was refused, directing the jury that plaintiff was entitled to recover on its first cause of action the sum of $76.66 and interest thereon at seven per cent. The refusal to so instruct the jury was reversible error, since it was admitted by defendants, in open court on the trial, that there was a balance due plaintiff for the items set out in the first cause of action, $76.66, on October 14, 1892, and that the same had not been paid. No instruction of like import was given by the court, while, on the contrary, the jury were told in one instruction that every allegation of the petition was denied by the answer, and in another paragraph of the charge it was stated that the burden was on the party alleging a fact to prove its existence by a

preponderance of the evidence. The refusal of the request, under the circumstances, was prejudicial to plaintiff.

Complaint is made of the following instructions given by the court on its own motion:

"No. 5½. If you find from the evidence that the defendants gave the note sued upon simply as a memorandum note at the suggestion of the plaintiff's duly authorized agent, as claimed by defendants, and not as a settlement in full for said machines, then defendants would be liable to plaintiff on said note only for such sum as you find is the value of the goods sold after giving said note, if any such have been sold and not settled for."

"No. 7. You are instructed that if you find that the defendants were selling the goods of the plaintiff on commission and did not own them, and that they have sold any of said goods and have not settled for all the goods sold, then your verdict should be for the plaintiff for the value of the goods you find from the evidence have been sold and not settled for, including mowers, rakes, and repairs, less such sum as you find the defendants entitled to for freight paid or for storing said machinery, if you find they are entitled to anything."

The giving of these instructions constituted grounds for reversal. They left it for the jury to construe the agreement of the parties. The contract was unambiguous, and required no extrinsic facts to aid in ascertaining its true meaning; therefore it was the province of the court to have interpreted it. (*Sims v. Summers*, 39 Neb. 781; *Ricketts v. Rogers*, 53 Neb. 477.) It follows that the judgment should be reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.