CHARLEY HRABAK ET AL. V. VILLAGE OF DODGE.

FILED SEPTEMBER 18, 1901.    No. 10,188.

Commissioner's opinion, Department No. 1.

1. **Money for Liquor License Received by Treasurer Ex Officio.**
   Money paid to a village treasurer to procure the issuance of a license to sell intoxicating liquors, as required by the ordinances of said village, is received by the treasurer *ex officio*, and his bondsmen are liable for his failure to account therefor.

2. **Village May Maintain Action Though Trustee of School District.**
   A village can maintain an action against its defaulting treasurer and his bondsmen to recover license moneys collected by

such treasurer, although the village is comprised within the limits of a single school district, to which the money must ultimately be paid.

3. Where Petition States Cause of Action, and Answer No Defense, Not Error to Direct Verdict for Amount Sued For. Where a petition states a cause of action, and the answer thereto fails to state a defense, it is not error for the court to instruct the jury to find for the plaintiff in the amount shown by the pleadings and proof to be due.

ERROR from the district court for Dodge county. Tried below before MARSHALL, J. *Affirmed.*

*McNish & Oleson,* for plaintiffs in error.

*A. H. Briggs, contra.*

KIRKPATRICK, C.

This is an action brought in the district court for Dodge county by the village of Dodge against Henry Hoetfelker, village treasurer, and Charley Hrabak, Anton Bartosh and Willits Hatton, his bondsmen. Henry Hoetfelker having absconded, no service was had upon him, and the action proceeded against the bondsmen alone. The village of Dodge, defendant in error, in its petition against the defendants, alleged the election and qualification of Henry Hoetfelker as village treasurer, and that he entered upon the discharge of his duties as such treasurer, giving a bond to the village in the sum of $2,000, signed by plaintiffs in error as sureties. It was alleged in the petition that there was paid into the hands of Hoetfelker, as village treasurer, for the benefit of the school funds, $2,000 realized from saloon licenses; that he accounted for or paid over to the treasurer of school district No. 46, which was the school district comprised within the limits of the village of Dodge, $1,000, and that he had converted the remaining $1,000 of license moneys to his own use. As a second cause of action, defendant in error, the village of Dodge, pleaded that the village treasurer collected as taxes the sum of $834.44, accounting for $800.44, leaving a balance of $34 which

he converted to his own use.   Plaintiffs in error an-
swered, admitting their liability under the second cause of
action, and pleaded a tender in court for the use of the
village of the sum of $34.   The answer of plaintiffs in
error to the first cause of action will require consideration
later herein, and need not now be further referred to.
Trial was had in the district court, which resulted in favor
of the village, and plaintiffs herein prosecute error to this
court.

Very many assignments of error are made, both in the
motion for a new trial and in the petition in error; but in
the brief filed by plaintiffs in error only four grounds for
reversal are urged, and none other will be considered.
The first two errors argued in briefs of counsel are sub-
stantially the same, and will be considered together.   In
substance they are that the moneys received from licenses
to sell intoxicating liquors in the village should have been
paid by the applicants for license direct to the county
treasurer; that the village treasurer had no right or au-
thority to receive or collect them, and that he did not re-
ceive them *virtute officii,* and for that reason plaintiffs in
error are not liable on the official bond of the village treas-
urer for such moneys.   The third error pointed out in the
briefs is that the court erred in its rulings on the admis-
sion and exclusion of evidence.   The fourth error com-
plained of is the instruction of the court directing the jury
to return a verdict for the village for the amount for which
suit was brought.

To  properly  understand  the  case,  it  will  be  neces-
sary  to  set  out  a  portion  of  the  answer  filed  by
plaintiffs in error to the first cause of action pleaded in
the petition of the village, which is as follows: "Your said
answering defendants admit that they signed a bond for
one Henry Hoetfelker in the manner and form as set forth
in the third paragraph of plaintiff's amended petition.
*  *  *  That the said money so as aforesaid received by
the said Henry Hoetfelker arising out of and from the
granting of licenses to various persons by the authorities

of said village of Dodge for the sale of malt, vinous and spirituous liquors, commonly called 'saloon licenses,' were not received by said Henry Hoetfelker by virtue of his being treasurer of the village of Dodge, but that in law and in fact the said Henry Hoetfelker, as such treasurer of the village of Dodge, had no right, power, or authority to receive and disburse said moneys for and on behalf of the said plaintiff nor of the school district to which said moneys belonged; and that said moneys belonged wholly and solely to the school district in which said licenses were granted, and that neither said plaintiff nor its representatives had any right, title or interest in said moneys or right to the possession thereof, nor to exercise any control over said moneys in any manner whatsoever; and that at this time the said plaintiff has no interest in said moneys, nor is it the owner thereof, nor any part thereof; and that said moneys alleged to have been paid to said Henry Hoetfelker, as stated in the first cause of action in said amended petition, were received by him without any authority whatever as village treasurer so as to bind your said answering defendants upon their said bond of the said Henry Hoetfelker for the faithful performance of his said official duties, and that a failure to disburse any of such moneys that might be received by him would not constitute a breach of the conditions of the bond set forth in said first cause of action in plaintiff's petition, and that your said answering defendants would not be liable thereon by reason thereof; that your said defendants, when they signed and executed the said official bond, so as aforesaid, contracted specially and with reference to the duties and obligations imposed upon the said Henry Hoetfelker by law, and that they never assumed any other or further obligations in the premises than those imposed upon them by reason of said bond and the laws of the state of Nebraska governing with respect to the duties and obligations of the said Henry Hoetfelker therein."

Plaintiffs in error, in answering to the second cause of action set out in the petition of defendant in error, among

other things, say: "That your said defendants, answering with respect to the facts and allegations contained in said amended petition necessary to constitute a cause of action against your said answering defendants, and say that as to the said amount of $34 therein claimed to be due from the said Henry Hoetfelker as said village treasurer to the said plaintiff, that your said answering defendants have never denied their obligation to pay the said amount, but as to this sum they aver and allege the facts to be as follows, to-wit: That on or about the 5th day of November, 1896, they made an unconditional tender of the said $34, in legal money of the United States, to the village treasurer of said village of Dodge, and that said treasurer absolutely refused to accept said moneys; and that on the 10th day of December, 1896, they made another and further unconditional tender of said sum of $34, in legal money of the United States, to the village treasurer of said village of Dodge, and the proper and lawful officer to receive the same, and the same was again refused, whereupon said sum was deposited in the Farmers State Bank of Dodge, Nebraska, to the order of the proper authorities of the said village of Dodge, and that at the same time the Board of Trustees and the treasurer of the said village of Dodge were duly notified of said deposit, and that the said tender of said sum of $34 has been at all times kept good by said defendants, and they have at all times had said money ready to be delivered unto said plaintiff or its authorized representatives; and that in this answer as to the second cause of action stated in said amended petition the said tender is renewed and kept good as it has been at all times since the making of the same, and for this purpose said defendants hereby deposit said moneys with the clerk of said court for the unconditional use and benefit of said plaintiff in satisfaction of the said sum claimed by the plaintiff against these defendants, as stated in said second cause of action of plaintiff."

From the portions of the answers set out it will be seen that plaintiffs in error admit the execution and delivery

of the bond sued upon; they admit that Henry Hoetfelker, village treasurer, collected the taxes and license moneys mentioned in the petition, and admit that he never paid out or accounted to his successor in office for the same; and that he was in default in the amount claimed. These answers presented for the consideration of the trial court the sole question whether or not Hoetfelker, as village treasurer, collected the license moneys in the village of Dodge by virtue of his office. This issue is one purely of law, so that we will not be required to examine the rulings of the trial court upon the admission or exclusion of evidence. If Hoetfelker collected the license moneys by virtue of his office as village treasurer, then neither the answers filed nor the evidence tendered or received presents any defense. If Hoetfelker as village treasurer did not collect the license moneys by virtue of his office as treasurer of the village of Dodge, then the peremptory instruction of the court in favor of the defendant was wrong, and the case will have to be reversed.

It is contended by plaintiffs in error that it was not a part of the duties of Hoetfelker, as village treasurer, to collect and safely keep or pay out the moneys arising from liquor licenses in the village. We are unable to agree to this proposition. Section 64, article 1, chapter 14, of the Compiled Statutes provides what the duties of the village treasurer shall be, and, among other things, says: "The treasurer of each city and village shall be the custodian of all money belonging to the corporation; he shall keep a separate account of each fund or appropriation, and the debits and credits belonging thereto; he shall give every person paying money into the treasury a receipt therefor specifying the date of payment and on what account paid," etc. Section 5, article 8 of the constitution is as follows: "All fines, penalties and license moneys, arising under the general laws of the state, shall belong and be paid over to the counties respectively, where the same may be levied or imposed, and all fines, penalties and license moneys arising under the rules, by-laws, or ordinance of cities,

villages, towns, precincts, or other municipal subdivision less than a county, shall belong and be paid over to the same respectively. All such fines, penalties, and license moneys shall be appropriated exclusively to the use and support of common schools in the respective subdivisions where the same may accrue." By the terms of this section it seems very clear that the money realized on licenses in the village of Dodge should properly be paid to the officers of said village. The constitution provides that all fines, penalties and license moneys arising under the rules, by-laws or ordinances of cities, villages, towns, precincts or other municipal subdivisions less than a county shall belong and be paid over to the same respectively. It also provides that the license moneys arising under the general laws of the state shall belong and be paid over to the counties respectively where the same may be levied or imposed. It can not be said that the license moneys in the village of Dodge were collected or arose under the general laws of the state. The general laws of the state provide for the county commissioners or supervisors issuing licenses, but expressly withhold from them the authority to issue a license within the limits of a village or incorporated town, or within two miles thereof. There were no statutory provisions by which persons could procure a license to sell intoxicating liquors within the limits of the village of Dodge except by virtue of an ordinance, properly enacted by said village, and the license must be procured from the village board. It is true, many of the provisions of the general law must be followed by the village board and the petitioner before a license can be granted. By general law, a minimum charge of $500 is fixed for the license, below which the village could not go. The statute also requires the filing of a petition with a certain number of signers, and prescribes certain other conditions; yet the ordinances of the village of Dodge were the only authority for granting these licenses. The power of the village board to grant a liquor license, even in the absence of the statute, would carry with it the power to collect the charges for

such license. If the position contended for by plaintiffs in
error was correct, it would put the village board in the
position of being obliged to inquire of the county treasurer
whether the licensee had paid in the license money before
a license could issue. After a petitioner filed his petition
with the village board and complied with the provisions
of the law, the village board would be put to the necessity
of ascertaining whether the money had been paid to the
county treasurer. The county treasurer, having no con-
nection with the village authorities, would have no means
of knowing how much money was required under the vil-
lage ordinances before the license could be issued. The
whole position of plaintiffs in error is wrong. When the
petition is filed with the village board for a liquor license,
and the statutes of the state and the village ordinances
have been complied with, it is only necessary for the vil-
lage board to inquire of the village treasurer, the proper
custodian of the village funds, to ascertain if the money
required by the village ordinances has been paid. This is
the only reasonable construction of the statute and the
constitution under consideration. That portion of section
5, article 8, of the constitution which requires that the
license moneys must be appropriated exclusively to the use
and support of the common schools in the respective sub-
divisions where the same may accrue is in no way incon-
sistent with this construction. This appropriation could
only be made by the proper village officers. Very soon
after the adoption of the present constitution, this ques-
tion received consideration in a carefully prepared opin-
ion by Judge LAKE (*State v. McConnel,* 8 Nebr., 28), in
which it is said: "In distinguishing the 'fines, penalties,
and license moneys arising under the general laws of the
state,' from those 'arising under the rules, by-laws, or ordi-
nances, of cities, villages,' etc., it is evident to us that
reference was had, not to the primary source of the power,
but to the immediate authority by which the fine or pen-
alty is imposed, or the license granted. By section 345 of
the act, 'To license and regulate the sale of liquors,' the

sale of 'malt, spirituous, or vinous liquors, or any intox-
icating drink,' without first obtaining a license to do so,
is prohibited, and made a highly penal offense.   But, as
this court has held in the case of *Phillips v. City of Te-
cumseh,* 5 Nebr., 312, such license can be granted within
the limits of an incorporated town or city only by the
proper authorities thereof, and under such rules and regu-
lations as they may provide.   And by another general act,
under which the city of Lincoln was incorporated, author-
ity is given to 'prohibit and suppress tippling shops,' al-
together.   General Statutes, 144.   From this it will be seen
that, independently of the action of the corporate authori-
ties of the city of Lincoln, by ordinances duly passed, not a
single dollar of the money in controversy could have been
imposed or collected.   We must hold, therefore, that it
falls within the second clause of the section, and belongs
to the common school fund of the city, of which the defend-
ant is the lawful custodian."

The question whether the village treasurer collected
and held license moneys by virtue of his office has been
many times before this court, and in every case, so far as
we are aware, it has either been held or assumed that it
was the duty of the village treasurer to collect such mon-
eys.   The case of *State v. Brodboll,* 28 Nebr., 254, was an
application for a mandamus to compel the village treas-
urer of the village of Lindsey, in Platte county, to appor-
tion the moneys in his hands arising from licenses to the
school districts.   It appears from the record in that case
that the village of Lindsey comprised within its limits
a portion of three school districts.   This court granted a
mandamus, and compelled the village treasurer to appor-
tion the moneys equally among the three districts.   The
case of *State v. White,* 29 Nebr., 288, is a case in many
respects similar to the one last cited.   A portion of four
school districts was included in the village of South Sioux
City.   An application for a mandamus was made by school
district No. 11 to require the village treasurer to pay the
money in his hands arising from licenses to that school

district. This court held that the moneys arising from liquor licenses belonged to the school districts included within the limits of South Sioux City, and that school district No. 11 could properly maintain an action to require the village treasurer to apportion and pay over to that district its share of the license moneys. Many more cases might be cited in which this court has distinctly recognized the duty of the village treasurer to collect and properly apportion moneys received for liquor licenses. In the case at bar the village of Dodge had an ordinance which provided that license moneys must be paid to the village treasurer and his receipt therefor procured before a license could be issued. Under this ordinance, in the absence of either constitutional or statutory provisions, it would have been the duty of the village treasurer to collect this license money, and he did collect the same by virtue of his office.

It follows, therefore, that Henry Hoetfelker, as village treasurer, having collected the license moneys mentioned in the petition of defendant in error, by virtue of his office as village treasurer, and having failed to pay the same to the proper district officer, or turn the same over to his successor in office, plaintiffs in error are liable on their bond for the amount of money which the village treasurer converted to his own use.

Regarding the amount of money due from Henry Hoetfelker as village treasurer for taxes collected and not paid over, amounting to $34, it may be said that the trial court seems to have found from the evidence that the tender made by the plaintiffs in error was a conditional one, and that they could not be relieved from costs.

It follows from what has been said that the action of the trial court in instructing the jury to bring in a verdict for defendant in error for the amount for which suit was brought is correct, and it is, therefore, recommended that the judgment of the district court be affirmed.

HASTINGS and DAY, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the lower court is

AFFIRMED.

SULLIVAN, J., absent, not voting.