IRVIN R. MOREARTY, APPELLANT, V. CITY OF MCCOOK,
APPELLEE.

FILED DECEMBER 31, 1929. No. 26998.

*Bernard McNeny* and *C. D. Ritchie,* for appellant.

*Perry, Van Pelt & Marti* and *Cordeal, Colfer & Russell,* contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, EBERLY and DAY, JJ.

PER CURIAM.

This is the second appearance of this cause before this tribunal. The issues presented on this appeal are somewhat different from those which engaged the attention of this court at the former hearing. *Morearty v. City of Mc-Cook,* 117 Neb. 113. The opinion in that case contains a full statement of the issues then before this court for consideration and the disposition made thereof. In substance it was declared in that opinion that the proof before the court established the fact that the plaintiff's contract was valid, had been substantially performed, and that the measure of damages sustained by the city, if any, would be the cost of remedying certain omissions of the plaintiff, and the case was remanded, with permission to defendant, city of McCook, to amend its answer setting up its damages, if any, occasioned by the failure of appellant, plaintiff below, to make final estimates and assessments of the cost of paving in question, if it so desired.

It is to be noted that the plaintiff in declaring on his contract in the first case alleged that plaintiff "has duly done and performed all things required of him by said contract of employment." So far as the subjects under consideration in this case, viz., the failure of plaintiff below to make final estimates and the assessments of the

cost of paving, the allegations in plaintiff's petition were traversed, if at all, at the former trial by a general denial only. It seems: "At common law it was ordinarily required of the pleader to make, not only an allegation of the performance of a condition precedent, but also a statement of the time and manner of its performance or an excuse for nonperformance, in order that the court might determine, as a matter of law, whether or not the intention of the parties had been fulfilled, and in order that a traversable issue might be presented. But according to the general rule as it now exists, and is established in some jurisdictions by statute, in pleading the performance of conditions precedent, it is not necessary for plaintiff to state the facts showing such performance, but he may aver generally that he has duly performed all the stipulations and conditions on his part; and in such case defendant cannot set up in defense the nonperformance of any condition which he has not specified in his plea." 13 C. J. 727, sec. 850. Our statute expressly provides: "In pleading the performance of conditions precedent in a contract, it shall be sufficient to state that the party duly performed all the conditions on his part." Comp. St. 1922, sec. 8640. Under such statutory provision the rule appears to be: "If defendant relies on the nonperformance of the contract by the plaintiff, he must allege that fact in his answer. In pleading such nonperformance, the facts which constitute the breach must be alleged, and the breach assigned must conform to the terms of the contract. * * * Where by statute plaintiff is authorized to plead a general performance of all conditions precedent, defendant must, if he relies on the fact that any of the conditions precedent have not been performed, set out specially the condition and the breach, thus confining the issue to be tried to such particular condition or conditions precedent as he may indicate as unperformed." And: "Where a breach by plaintiff is not such as to defeat his right of action, defendant cannot plead it in bar, but must take advantage of it by properly pleading it in recoupment of damages." 13 C. J. 738, sec. 879. See *Kahnweiler v. Phenix Ins. Co.,* 67 Fed. 483; *Penn*

*Mutual Life Ins. Co. v. Ornauer,* 39 Colo. 498; *Thomas v. Walden,* 57 Fla. 234; *McGrath v. Crouse,* 6 Kan. App. 507; *Preston v. Roberts,* 12 Bush (Ky.) 570; *Delaware River Quarry & Construction Co. v. Freeholders of Hunterdon,* 86 N. J. Law, 294.

A mere general denial, therefore, is insufficient to raise the issue. *Herpolsheimer v. Citizens Ins. Co.,* 79 Neb. 685. It would seem, therefore, under the pleadings in the case heretofore presented, considering substantial performance by the plaintiff of the contract sued upon as a condition precedent and the due performance thereof properly alleged in plaintiff's petition, this allegation had not been traversed by the plea of the defendant, and the sole and only contestable issues before the court at the time of our former hearing, in substance, were: First, that the contract sued upon had not been in fact made and entered into by the defendant city; and, second, that, if it had been, it pertained to regular official duties required of the plaintiff as the duly appointed city engineer of the city of McCook for which he could not lawfully receive compensation in excess of his salary. These contentions were resolved against the defendant in that case and with that disposition we are fully satisfied. The result of the situation then in suit was that, while substantial compliance with the contract of employment may be conceded to be a prerequisite to recovery, the allegation of plaintiff's petition of full performance had not in fact been traversed by the defendant and in legal effect stood admitted. On the other hand, as stated by Howell, J., in his opinion in that case, undisputed evidence appearing in the record disclosed that, while there had been a substantial performance of the contract, in certain respects such performance was actually incomplete. It thus plainly appears that upon the former appeal the defendant city, after determination by this court of the issues properly presented in its behalf, stood as one having mistaken its remedy. In this situation it is well established in principle that this court, in the exercise of its sound judicial discretion, may, notwithstanding the technical rights based upon procedure to which the opposing

party is ordinarily entitled, reverse the case, with directions to the trial court to permit a reformation of the issues, even though the latter may have in all respects proceeded strictly in accord with law. *Moseley v. Chicago, B. & Q. R. Co.,* 57 Neb. 636.

In the present case, therefore, we are fully satisfied with the opinion of Howell, J., heretofore adopted, remanding with directions to permit the defendant to amend its answer setting up its damages, if any, occasioned by the failure of the appellant, the plaintiff below, to make final estimates and assessments of the cost of paving in question. And we remain satisfied with the further instruction to the district court in connection therewith that the measure of damages would be "the cost of remedying the defects."

This court imposed no limitation on the powers of the trial court to hear and fully determine the subjects of action thus referred to it, and at the trial following the remand thus made, the record now before us discloses that the trial court instructed the jury in effect that the validity of the plaintiff's contract was not in question and that he had substantially performed the same, save and except that the plaintiff failed to make final estimates of the cost of paving and sewer construction and failed to make a valuation of the property benefited by such improvements and failed to assess the cost back against such property, and submitted to the jury for their determination the following interrogatory: "Question: What was the reasonable and necessary expense, if any, incurred, and damage sustained, by the defendant on account of the failure of the plaintiff to make the final estimates of the amount of work performed by and the amount due the contractor; the failure of the plaintiff to make a valuation of the property benefited by the paving and sewer construction; and the failure of the plaintiff to assess the cost of such paving and sewer construction back against the property benefited thereby?" This action is certainly in accord with the directions of this court.

To this interrogatory the jury returned the answer, "$15,000." Thereupon the court, deducting the amount thus found by the jury from the aggregate due the plaintiff, entered judgment for the sum of $9,416.50 in favor of plaintiff.

We have carefully considered the evidence in the bill of exceptions. It appears that the plaintiff submitted no evidence whatever on the issues then being considered. The defendant's evidence is therefore uncontroverted, and there appears to be sufficient competent evidence in the record to sustain the verdict. In this view of the case, we do not find that the court committed any reversible error in the application of the rule of damages prescribed for it, "the cost of remedying the defects," nor in its rulings on the admission of evidence. It follows that the action of the district court in the premises was correct and its judgment is therefore

AFFIRMED.