BONKOWSKI *v.* MICHIGAN CHROME &
CHEMICAL COMPANY.

1. WORKMEN'S COMPENSATION—FINDINGS OF WORKMEN'S COMPEN-
   SATION APPEAL BOARD—EVIDENCE—PLATER USING CHROMIC ACID
   —FUMES.
      Finding of workmen's compensation appeal board that plaintiff
      had sustained personal injury arising in and out of his
      employment in plating metal in tanks containing chromic
      acid which emits noxious fumes and had been totally disabled
      as of specified dates except for 6-week period of employment
      with another employer *held,* sustained by evidence (Const 1963,
      art 6, § 28; CL 1948, § 413.12).

2. SAME—FINDINGS OF WORKMEN'S COMPENSATION APPEAL BOARD.
      Findings of fact by the workmen's compensation appeal board,
      acting within its powers, are conclusive, in the absence of
      fraud (Const 1963, art 6, § 28; CL 1948, § 413.12).

3. SAME—QUESTIONS REVIEWABLE BY COURT OF APPEALS.
      Review of proceedings to recover workmen's compensation brings
      to the Court of Appeals questions of law only and does not
      permit the weighing of evidence to determine whether admin-
      istrative findings of fact offend rules governing clear weight
      and preponderance of evidence as on appeals from circuit court,
      the Court being obligated to accept an administrative finding
      of fact that is supported by any evidence whatever to sustain
      it, regardless of thought or suggestion addressed to improbabil-
      ity thereof (Const 1963, art 6, § 28; CL 1948, § 413.12).

Appeal from Workmen's Compensation Appeal
Board. Submitted Division 1 October 5, 1965, at
Detroit. (Docket No. 509.) Decided November 15,
1965.

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation §§ 481, 530.
[2] 58 Am Jur, Workmen's Compensation § 483.
[3] 58 Am Jur, Workmen's Compensation § 522 *et seq.*

Clarence Bonkowski presented a claim for workmen's compensation against Michigan Chrome & Chemical Company and Associated Indemnity Company for lung injuries incurred by the inhalation of acid fumes in defendant's plant. Workmen's Compensation Appeal Board upheld referee's grant of compensation. Defendants appeal. Affirmed.

*Kelman, Loria, Downing & Craig (Donald W. Loria,* of counsel), for plaintiff.

*Mansfield & Sulzbach (Walter A. Mansfield,* of counsel), for defendants.

FITZGERALD, J. Defendants and appellants, by leave granted, appeal the findings of the workmen's compensation appeal board entered on January 13, 1965, presenting the following issues:

1. That plaintiff sustained no personal injury arising in and out of the course of employment;

2. That there is no evidence to support the finding of a personal injury occurring August 28, 1961;

3. That there is no evidence to support the finding that the plaintiff is entitled to receipt of weekly disability benefits from August 29, 1961, to May 14, 1962, and payment of medical service in the amount of $94;

4. That there is no evidence sustaining the finding of a disability subsequent to May 15, 1962.

To pin-point each of these questions on appeal, it is necessary to reconstruct the fact situation that the board dealt with.

As of the date of the alleged injury, plaintiff was single, and 22 years of age. He had worked for a year for Michigan Chrome & Chemical Company putting metal stock on racks which later were immersed in plating tanks, some containing chromic

acid, a substance which emits noxious fumes. Plaintiff left work at midnight, August 28, 1961, and returned to work on August 29, 1961, at 3:30 p.m., about 15 hours later. As he pulled into the company parking lot, he was seized with pain and difficulty in breathing and was treated in the shop clinic and later sent to his own doctor. Plaintiff's personal physician diagnosed the condition as bronchial irritation of the right lung due to chromic acid fumes. Following expression of medical advice that he should seek work where he would not be exposed to such acid fumes, plaintiff returned to Michigan Chrome & Chemical in January of 1962 and asked for his job back, but was refused reemployment. On May 15, 1962, plaintiff found employment at another concern, Hard Chrome Service, where he worked until June 26, 1962, at which time he was laid off because of lack of work.

On December 18, 1962, the hearing referee awarded plaintiff compensation at the rate of $33 per week for total disability from August 29, 1961 to May 14, 1962, and further ordered that "compensation is ordered stopped as of May 14, 1962, because on May 15, 1962, plaintiff became employed in the same type of work he had performed for defendant, and as of the latter date was not unemployable because of his physical condition."

Plaintiff filed an application for review of claim to the workmen's compensation appeal board, defendants filed a cross appeal and on January 13, 1965, the board entered an order affirming the hearing referee, requiring payment of benefits to May 14, 1962, and reimbursement of medical expenses, but also directed payment of weekly benefits at the rate of $20.67 per week from May 14th to June 26th and $33 per week from June 27, 1962, until further order of the department.

Defendant has appealed this finding and asks that the four points listed at the outset of this opinion be found by this Court. A thorough review of the record convinces us that the appeal board did not err in its findings, since evidence supports each of them.

Two issues appear to be the crux of this appeal, first the quantum of medical testimony offered by both parties and second, whether the brief return to work at another plating plant renders plaintiff ineligible for benefits.

These issues must be considered within the scope of this Court's review in workmen's compensation cases, as limited by CL 1948, § 413.12 (Stat Ann 1960 Rev § 17.186), stating:

"The findings of fact made by the compensation commission acting within its powers, shall, in the absence of fraud, be conclusive, but the Supreme Court shall have power to review questions of law involved in any final decision or determination of said compensation commission."

The compensation commission therein referred to now has its duties performed by the workmen's compensation appeal board (PA 1955, No 62, CLS 1961, § 408.2 [Stat Ann 1960 Rev § 17.6(8)]).

The appeal board in the first paragraph of its opinion sets forth the initial limits within which we must confine ourselves.

"The proofs show that plaintiff was exposed to fumes from compounds used in chrome plating. He became disabled as a result of such exposure. Defendant has since refused to reemploy plaintiff at the work the nature of which caused the disability and wage loss. The referee correctly held that plaintiff suffered an injury which arose out of and in the course of his employment with defendant. Compensation was properly awarded to May 14, 1962."

It is a record of 225 pages that yielded this interpretation to both the hearing referee and the appeal board and it is this interpretation we work within. *Coates* v. *Continental Motors Corp.* (1964), 373 Mich 461. The findings of the appeal board are amply supported by the record.

Whether plaintiff's return to another plating plant for 6 weeks makes him ineligible for benefits from May 14, henceforth, is now to be considered.

Assuming *arguendo* that our scope of review were not limited by the previously-quoted statute, we think that the record demonstrates that the appeal board was correct in its award.

It is not controverted that plaintiff sought and gained employment elsewhere and at reduced wages.

The appeal board was not amiss in its finding that:

*"Plaintiff sought employment elsewhere and was successful in finding employment where he was not exposed to hazardous amounts of chrome plating fumes* from May 14, 1962 through June 26, 1962. (Emphasis supplied.) This employment was then terminated through no fault of the employee. \* \* \* At no time since the injury occurred has plaintiff been able to earn full wages which he had earned at the work the nature of which caused his disability."

The following testimony bears out the board in its finding:

*"Q.* \* \* \* Now, at the Hard Chrome Company were there any fumes that you were exposed to?
*A.* None, very little.
*Q.* Why not? \* \* \*
*A.* They had adequate blowers on the tanks. It was a small tank and they had the garage door open and mostly I worked around the garage door and there was fresh air coming in all the time."

Bearing on this matter of an award subsequent

to May 14th when plaintiff worked elsewhere, the majority opinion of the board held as follows:

"That plaintiff is so disabled [in terms of the statute] is well established by the proofs presented. Defendant refuses to reemploy plaintiff and the treating physician testifies without equivocation that plaintiff is disabled from returning to the work the nature of which caused his disability. It is not within our power to take from an injured employee that which the legislature has defined him entitled to receive."

Board Member Warshawsky, in a dissent from the board's findings, stated:

"I further disagree with my Brother Storie's view that a decision in favor of the defendant in this case is 'to take from an employee that which the legislature had defined him entitled to receive'. Are we not as members of this appeal board free to exercise judgment without fear or favor? We should decide cases on the basis of the facts properly within the record. We have this as our primary duty. We do not take from or give to either plaintiff or defendant when we decide in their favor, we are making decisions based in a record and it stops right there."

While we can appreciate Member Warshawsky's admonitions, we are met with an equally compelling directive on our part in a situation in which the legislature has spelled out the function of the courts, which function cannot be deviated from until the legislature shall speak again on the subject.

In 1956 in *Thornton* v. *Luria-Dumes Co-Venture,* 347 Mich 160, Mr. Justice BLACK spoke definitively for the Supreme Court in this matter when he said (p 162):

"Our jurisdiction, invoked upon issuance and return of certiorari to the workmen's compensation de-

partment, is markedly limited. The writ brings us questions of law only. It does not permit scale-weight of evidence and inference here, as on appeals from circuit court judgments, to determine whether administrative findings of fact offend rules governing clear weight and preponderance. Our obligation is to accept, without question, findings that are certified here if there be any evidence whatever to sustain those findings, regardless of thought or suggestion addressed to improbability thereof."

This fundamental proposition has found no less vigorous application in the Court of Appeals: *Pulley* v. *Detroit Engineering & Machine Company* (1965), 1 Mich App 346; *Whitt* v. *Brunswick-Balke-Collender Company* (1965), 1 Mich App 494.

Buttressing this state of the law is the constitutional provision:

"Findings of fact in workmen's compensation proceedings shall be conclusive in the absence of fraud unless otherwise provided by law." (Const 1963, art 6, § 28.)

A review of the record in the instant case does not take it without the purview of either the statutes or the Constitution.

Affirmed. Costs to appellee.

LESINSKI, C. J., and J. H. GILLIS, J., concurred.