MIDLAND-ROSS CORPORATION, A CORPORATION, APPELLEE, V. ROBERT SWARTZ, APPELLANT.

176 N. W. 2d 735

Filed May 1, 1970. No. 37393.

Abrahams, Kaslow & Cassman, for appellant.

Lyle E. Strom, C. L. Robinson, and Fitzgerald, Brown, Leahy, McGill & Strom, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

This is an action upon a promissory note made April 28, 1965. The trial court entered judgment for the plaintiff in the amount of $14,569.82 at the close of the plaintiff's evidence. The defendant's motion for new trial was overruled and he has appealed.

The note was payable to the plaintiff and signed by the defendant individually and as president of Roberts Supply Company, a corporation. There is no dispute as to the execution of the note or the amount due. The question presented is whether the defendant's answer as amended stated any defense.

The answer contained a general denial and alleged that the laws of Ohio were applicable to the transaction; that the defendant had executed the note as an accommodation maker or surety on behalf of the supply company without consideration; that the plaintiff had modified the terms and conditions of the note and had extended its maturity without the consent of the defendant; and that the defendant's signature had been procured by business compulsion, coercion, and duress.

The plaintiff's proof consisted of the note, the defend-

ant's admissions in response to a request for admissions of fact, and the defendant's testimony in a pre-trial deposition. This evidence established a prima facie case and the defendant's admissions eliminated any defense that might otherwise have been available under the general denial.

The allegation in the answer that the laws of Ohio were applicable to the transaction was a conclusion of law. The answer pleaded no fact which would make the note an Ohio transaction. The answer also failed to plead the substance of the Ohio law upon which the defendant relied. See Scott v. Scott, 153 Neb. 906, 46 N. W. 2d 627, 23 A. L. R. 2d 1431.

The defendant argues that if he had been permitted to offer evidence, he would have produced evidence which would have established that the note was an Ohio transaction. The trial court refused to allow the defendant to make an offer of proof.

The right to introduce evidence depends upon there being an issue of fact as to which it is relevant. The issues are made by the pleadings; and unless there is an issue of fact before the court, there is no right to introduce evidence to prove or disprove the fact.

The allegation that the defendant had executed the note "as an accommodation maker or surety on behalf of Roberts Supply Company without consideration" did not state a defense. In paragraph 6 of the answer, as amended during the trial, the defendant alleged that the supply company was indebted to the plaintiff and that the note had been executed to avoid a threatened cancellation of the distributorship of the supply company by the plaintiff and a refusal to ship any further merchandise. The previous indebtedness of the supply company was a sufficient consideration since the supply company was the party accommodated. See, § 62-125, R. R. S. 1943; Luikart v. Meierjurgen, 124 Neb. 816, 248 N. W. 379.

The note contained a provision that the makers waived

"all defenses on the ground of any extensions." Such a provision is valid and binding on the defendant and prevented an extension of the maturity of the note from being a defense. Nordeen v. Nelson, 134 Neb. 707, 279 N. W. 323.

After the plaintiff had rested, the defendant was permitted to amend his answer to allege that the plaintiff had threatened to terminate the distributorship of the supply company and to refuse to ship any further merchandise unless the defendant joined in the execution of the note, and that this constituted an "unlawful threat of a breach of contract" so that the signature of the defendant was procured through business compulsion, coercion, and duress. The defendant relies upon Ansbacher-Siegle Corp. v. Miller Chemical Co., 137 Neb. 142, 288 N. W. 538, and McCubbin v. Buss, 180 Neb. 624, 144 N. W. 2d 175, and contends that the threat was a breach of contract or unjust and inequitable.

The Ansbacher-Siegle Corporation case involved a written agreement for an exclusive distributorship in a specified territory for a definite term. In that case the indebtedness of the distributor to the manufacturer was past due but the manufacturer had waived the breach.

In the McCubbin case the defendant had obtained the plaintiff's consent to the discharge of a stock purchase contract by a threat to terminate the plaintiff's employment. Approximately 2 months later the defendant, who was the majority stockholder in the close corporation, dismissed the plaintiff. We held the defendant's threat to terminate the plaintiff's employment unjust and inequitable under the circumstances and allowed rescission of the discharge agreement.

The defendant's answer in this case did not allege any facts in regard to the distributorship of the supply company. The pleadings suggest that the indebtedness of the supply company to the plaintiff was good cause to terminate the distributorship and that the action of the plaintiff was not unlawful or unjust or inequitable.

Where the answer does not state a defense, the trial court should direct a verdict for the plaintiff. Sloan Commission Co. v. Fry & Co., 4 Neb. (Unoff.) 647, 95 N. W. 862; Winterringer v. Warder, Bushnell & Glessner Co., 1 Neb. (Unoff.) 413, 95 N. W. 619; Osborne & Co. v. Kline, 18 Neb. 344, 25 N. W. 360; Western Mfg. Co. v. Rogers, 54 Neb. 456, 74 N. W. 849; Hrabak v. Village of Dodge, 62 Neb. 591, 87 N. W. 358. Here the plaintiff proved a prima facie case by the admissions of the defendant. Since the answer failed to state a defense, it was proper for the trial court to enter judgment for the plaintiff. Osborne & Co. v. Kline, *supra;* Hrabak v. Village of Dodge, *supra;* Western Mfg. Co. v. Rogers, *supra.*

The judgment of the district court is affirmed.

AFFIRMED.