GERALD TIMMERMAN ET AL., APPELLEES, V. MORRIS HERTZ, APPELLANT.

238 N. W. 2d 220

Filed January 15, 1976. No. 40167.

Robert F. Craig of Kennedy, Holland, DeLacy & Svoboda, for appellant.

Rae Schupack and John Herdzina of Abrahams, Kaslow & Cassman, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.

The principal underlying question on this appeal is whether the trial court abused its discretion in refusing to permit the defendant to amend his answer to state an affirmative defense at a point in the trial when the plaintiffs had presented their evidence and rested, had moved for a directed verdict, and had presented arguments in support of their motion. The trial court denied the request to amend, granted the motion of the plaintiffs for a directed verdict, and rendered judgment

against the defendant for the sum of $8,956.87. We affirm.

The plaintiffs in their petition alleged, among other things, that they, on August 3, 1973, entered into a contract in writing to sell cattle to the defendant. The petition incorporated the contract. They further alleged: "That the plaintiffs have duly, timely and fully performed all of their obligations set forth in said Livestock Contract," and that the defendant had failed to pay the balance owing of $8,956.87. The written contract, insofar as it is necessary in this opinion to note its specific terms, provided for the sale by the plaintiffs to the defendant of: ". . . about 550 or 5 Loads Black Hfr. Calves, . . . and now located in Davis Ranch Pasture in Bryan County, Okla. near Durant, Okla. Said cattle to be good, well-bred Angus cattle with a no per cent cut back, after all unmerchantable cattle and apparent pregnant heifers have been thrown out; this cut to be made by the Buyer at Davis Ranch. The delivery is to be made free of encumbrances f.o.b. cars or trucks at Davis Ranch. Said cattle to be weighed at Davis Ranch, with 3% of Equivalent shrink, . . . 3 Loads-Oct 1, 73, 2 Lds-Jan 1, 74. . . . The price agreed upon is $69.25 per cwt., per head. $5500.00 paid as part payment, receipt of which is hereby acknowledged, balance to be paid upon delivery of said cattle."

The defendant's answer admitted the identity of the parties and then stated: "This defendant admits that the plaintiffs and defendant entered into a livestock contract. . . . Further answering, defendant denies each and every other allegation of plaintiff's Amended Petition except for those allegations specifically admitted above."

The plaintiffs' evidence established prima facie the contract and delivery of the cattle in accordance with the contract terms. It was then stipulated by the parties: (1) That the contract attached to the plaintiffs' petition, exhibit A, which had been received in evidence, had

been entered into by the parties, (2) that five loads of cattle were delivered to the defendant by the plaintiffs; and (3) that of the total contract price, $8,956.87 had not been paid.

At that point the defendant moved for a directed verdict. The court denied this motion. The plaintiffs then moved for a directed verdict and also moved the court to deny the admission of any evidence by the defendant. The basis of these motions was that the answer of the defendant tendered no issue for the jury to decide. Oral arguments were heard and a brief was submitted by the plaintiffs. At the completion of the plaintiffs' argument in support of their motion, the defendant made his motion to amend. It was as follows: ". . . for order amending the answer to allege that the terms of the contract or implied terms of the contract required that all five loads be even as to the cattle and that the defendant—and that the plaintiffs failed to comply with that implied term of the contract, assuming that that is necessary, but assuming that it is necessary this was—whole case was tried all throughout plaintiffs' evidence on that theory. Certainly, if we were going to take plaintiff by surprise then perhaps it would be an abuse of discretion to allow us to amend the answer."

In sustaining the plaintiffs' motion for a directed verdict the trial court apparently relied upon decisions of this court cited by the plaintiffs which apply section 25-836, R. R. S. 1943. That section provides: "In pleading the performance of conditions precedent in a contract, it shall be sufficient to state that the party duly performed all the conditions on his part; and if such allegation be controverted, the party pleading must establish on the trial the facts showing such performance."

In Morearty v. City of McCook, 119 Neb. 202, 228 N. W. 367, we said: " 'Where by statute plaintiff is authorized to plead a general performance of all con-

ditions precedent, defendant must, if he relies on the fact that any of the conditions precedent have not been performed, set out specially the condition and the breach, thus confining the issue to be tried to such particular condition or conditions precedent as he may indicate as unperformed.' . . . A mere general denial, therefore, is insufficient to raise the issue." The above principle has been reaffirmed many times by this court. Lehnherr v. National Accident Ins. Co., 126 Neb. 199, 252 N. W. 823; Davidson v. First American Ins. Co., 129 Neb. 184, 261 N. W. 144; Peters v. Wilks, 151 Neb. 861, 39 N. W. 2d 793; Cartwright & Wilson Constr. Co. v. Smith, 155 Neb. 431, 52 N. W. 2d 274; Rickertsen v. Carskadon, 172 Neb. 46, 108 N. W. 2d 392. The rationale for requiring the defendant to plead a specific defense was set out by this court in Lehnherr v. National Accident Ins. Co., *supra,* as follows: "It will be remembered that the purpose of the statute is to simplify pleading, and only by requiring the defendant to set forth the particular condition which is relied on as a defense may the plaintiff be advised of the exact defense he will be required to meet, and the trial court informed as to the exact issue to be determined."

In Midland-Ross Corp. v. Swartz, 185 Neb. 484, 176 N. W. 2d 735, we said: "The right to introduce evidence depends upon there being an issue of fact as to which it is relevant. The issues are made by the pleadings; and unless there is an issue of fact before the court, there is no right to introduce evidence to prove or disprove the fact. . . . Where the answer does not state a defense, the trial court should direct a verdict for the plaintiff. Sloan Commission Co. v. Fry & Co., 4 Neb. (Unoff.) 647, 95 N. W. 862; Winterringer v. Warder, Bushnell & Glessner Co., 1 Neb. (Unoff.) 413, 95 N. W. 619; Osborne & Co. v. Kline, 18 Neb. 344, 25 N. W. 360; Western Mfg. Co. v. Rogers, 54 Neb. 456, 74 N. W. 849; Hrabak v. Village of Dodge, 62 Neb. 591, 87 N. W. 358. Here the plaintiff proved a prima facie case by the ad-

missions of the defendant. Since the answer failed to state a defense, it was proper for the trial court to enter judgment for the plaintiff. Osborne & Co. v. Kline, supra; Hrabak v. Village of Dodge, supra; Western Mfg. Co. v. Rogers, supra."

In support of his position that the request to amend should have been permitted, the defendant claims the plaintiffs knew what the specific defense would be and that they were, in fact, not taken by surprise; and that therefore the amendment was required in the further-ance of justice and consequently an abuse of discretion by the trial court is shown. Defendant cites sections 25-852 and 25-853, R. R. S. 1943, and numerous opinions of this court decided under the authority of those stat-utes. He relies especially upon Louis Hoffman Co. v. Western Smelting & Refining Co., 150 Neb. 524, 34 N. W. 2d 889. In that case the motion to amend was made just prior to trial and it was proved that the attorney for the other party had received a copy of the amended pleading 4 days prior to trial. The other party made no move for a continuance. Upon appeal we held the trial court had abused its discretion in denying the requested amendment.

The defendant asserts the plaintiffs would in no way have been prejudiced by the amendment in this case be-cause the plaintiffs knew for a long time that the de-fense would be lack of "evenness" in the cattle. To support that contention the defendant made a showing before the trial court. His first claim is that there was a pretrial conference held immediately before trial at which that issue was defined. One of the defendant's attorneys testified that the plaintiffs' counsel had stated in substance at that time: ". . . you are not really dis-puting that the contract was entered into, you are not disputing that the five loads of cattle were delivered, you are disputing that the fifth load did not measure up to the terms of the contract." He further testified: ". . . it was clear at the time that the defendant's only

defense to the contract was that the fifth load of cattle were not even. It was certainly clear at the time through the discussion between counsel and the Court that that would be the defense." It is claimed that this conversation occurred in chambers in the presence of the trial judge just before the jury was to be empaneled. Defendant relies upon the proposition that issues joined in a pretrial conference supersede those joined by the pleadings and constitute the issues upon which the case is to be tried. Kresha Constr. Co., Inc. v. Kresha, 184 Neb. 188, 166 N. W. 2d 589. Defendant's claim on this point must fail. The rules of this court require that the trial judge must make a record of pretrial procedures formulating issues. See Pre-Trial Procedure: Formulating Issues, Revised Rules of the Supreme Court, 1974, p. 52. There is in the record no pretrial order defining issues and the trial court in its ruling makes no reference thereto. We must therefore presume there was no pretrial conference defining issues. It is true that in Kresha Constr. Co., Inc. v. Kresha, *supra*, the trial court in effect added to its pretrial order by a finding during the course of trial that matters had inadvertently been omitted from the pretrial order. Nothing like that appears in the record in this case.

As a further showing of knowledge on the part of counsel for the plaintiffs, defendant also points to answers given by defendant to interrogatories put to him by the plaintiffs and filed in the transcript about 10 months before trial which disclose what the defense would be. The transcript discloses an answer which states: "A portion of the cattle . . . were not even." There are, however, in these answers to interrogatories other answers which make defensive claims of various other kinds, viz, some of the cattle were yearlings and not calves; the cattle were never accepted; failure to deliver cattle as specified in the contract; the cattle were not as represented in the contract; the cattle did not meet contract specifications; inadequacy of con-

sideration; the contract was changed or unfulfilled in unspecified ways without the defendant's prior consent and ratification; and there were defects and discrepancies in the cattle not discovered until after delivery. If the answer stating "the cattle . . . were not even," is to be given significance in defining the issues, then it would seem that all the other answers referring to a variety of possible affirmative defenses should be granted significance as well and defendant ought to be free to make other amendments. But to allow this in the middle of trial would effectively do away with the principle embodied in section 25-836, R. R. S. 1943, and the cases decided thereunder.

The defendant also claims that various discovery depositions taken by the parties disclose that the defense would be "evenness." These depositions were not offered in support of the showing made in the trial court and are not included in the bill of exceptions before us, although they apparently were transmitted by someone for filing and are on file herein. Before this court can consider evidence bearing upon an issue of fact, the evidence must have been offered in the trial court and embodied in a bill of exceptions. Arla Cattle Co. v. Knight, 174 Neb. 360, 118 N. W. 2d 1.

Two other considerations support the conclusion that the trial court did not abuse its discretion when it denied the defendant's motion to amend. The first is that any tendered amendment ought to be well pleaded. The second is that the introduction of additional issues by amendment would entitle the plaintiffs to make responsive replies which could well have raised yet additional issues, all of which might well have required a delay of the trial. We will discuss each consideration in order.

The offered amendment to defendant's answer was simply a legal conclusion that there was an implied term of the contract that each load be "even as to cattle" and that plaintiffs breached that term. The plead-

ing of legal conclusions is insufficient to raise an issue of fact. 77 C. J. S., Sales, § 362d, pp. 1275, 1276; Koch v. Grimminger, 192 Neb. 706, 223 N. W. 2d 833.

The defendant's theory is that there was a custom and usage among cattle dealers that each load be "even." It is ordinarily incumbent upon one who relies upon a special custom as a basis of recovery or defense to allege the custom and to plead and prove the other party had knowledge of the custom and contracted with reference thereto. Shambaugh v. City Bank of Elm Creek, 118 Neb. 817, 226 N. W. 460; Runner v. Pierson, 144 Neb. 847, 14 N. W. 2d 847; Langdon v. Kennedy, Holland, De-Lacy & McLaughlin, 118 Neb. 290, 224 N. W. 292; 25 C. J. S., Customs & Usages, § 32a, p. 167. The proffered amendment to the answer was, in the face of objection, not sufficient to properly raise a factual issue of the existence of a particular custom and usage among cattle dealers. If it is being claimed that there existed implied warranties of fitness for a particular purpose under the provisions of section 2-315, U. C. C., the plaintiff would still be required to plead the ultimate facts which would bring the sale within the provisions of that statute, viz, that the seller knew or had reason to know that the cattle were being purchased for a particular purpose, and the buyer was relying on the seller's skill and judgment to select suitable cattle.

The proffered pleading is also deficient for another reason. The purchaser must plead that he gave timely notice of the breach. § 2-607(3)(a), U. C. C. See Hrdlicka v. Allen, 179 Neb. 250, 137 N. W. 2d 775, decided under similar provisions of the former Uniform Sales Act. The offered amendment contained no allegation of such notice.

If an amendment had been permitted the plaintiff would be entitled to meet the new pleading by appropriate responsive pleadings. If appropriate facts existed possible defenses are suggested by the following provisions of the Uniform Commercial Code: Section

2-316(3)(c), exclusion of implied warranties by usage of trade; and section 2-607(2), acceptance of the goods by the buyer.

The foregoing discussion of matters of pleading is not intended as any expression of opinion as to whether additional terms could, in fact, be added by custom and usage to the apparently complete contract here involved. See, § § 2-202 (a) (b), 2-208, 2-317 (c), U. C. C. See, also, Keene Coop. Grain & Supply Co. v. Farmers Union Ind. Mut. Ins. Co., 177 Neb. 287, 128 N. W. 2d 773; James Poultry Co. v. City of Nebraska City, 135 Neb. 787, 284 N. W. 273; Peterson v. State Automobile Ins. Assn., 160 Neb. 420, 70 N. W. 2d 489.

One other contention of the defendant should be noted. He claims that the case was tried below upon the theory that the defense was "evenness" and that on appeal the matter will be considered upon the theory on which the case was tried in the trial court. That principle applies only where both parties have acquiesced in the theory and the case was submitted to the trial court on that basis. That principle has no application where, as here, the record shows the plaintiffs did not acquiesce and the trial court did not decide the case on the theory that a defense had been properly pled. See, Ford v. County of Perkins, 190 Neb. 304, 207 N. W. 2d 694; Saum v. L. R. Foy Constr. Co., Inc., 190 Neb. 783, 212 N. W. 2d 648.

As we have noted earlier, the purpose of section 25-836, R. R. S. 1943, is to sharply define and limit the issues. The issues must be defined before trial starts if the purpose of the statute is to be served. Issues are made by the pleadings and not by inquiries made in discovery depositions taken or interrogatories put long before trial nor by informal conversation between counsel. For all the reasons given it appears clear that the trial court did not abuse its discretion in denying the defendant's motion to amend.

AFFIRMED.