KRESHA CONSTRUCTION COMPANY, INC., A CORPORATION, APPELLEE, V. ADOLPH KRESHA ET AL., APPELLANTS.

166 N. W. 2d 589

Filed March 14, 1969. No. 37088.

John E. Dougherty, for appellants.

Robak & Geshell and Barney, Carter & Buchholz, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

This is an action to recover the balance due upon a written construction contract and for alleged extras and additions claimed to have been subsequently ordered by the defendants. The jury returned a verdict for plaintiff in the sum of $6,037.64 and defendants perfected an appeal to this court.

. Plaintiff, a construction company owned by Arthur J. Kresha, a half brother of the defendant Adolph Kresha, agreed to build a house for defendants for $28,000. There is a serious conflict in the evidence as to the type of house to be built. It is defendants' position that plaintiff agreed to build a house according to plans and specifications used to build one in Gresham, Nebraska, owned by Mark Romohr, which plans they furnished to it. Plaintiff's contention is that it advised defendants that the Romohr house could not be duplicated for the amount defendants were willing to spend, and that new plans and specifications were drawn for a house within the amount defendants wished to pay. These are the plans which plaintiff insists were the basis for the contract. Defendants are equally insistent they were to have had the exact Romohr house, less changes necessary to exclude one bedroom.

Plaintiff further contends that after construction started, defendants ordered many extras and additions for which they agreed to pay. Defendants testify that the only changes suggested by them, with three exceptions for which they paid, were to conform the house to the Romohr specifications and were within the contract. No purpose will be served by detailing the respective claims of the parties except to note that defendants also claim there are 26 serious defects in the construction which would cost $11,815.47 to remedy,

which defendants claim constitute a substantial breach of the contract.

Defendants set out 13 assignments of error. We consider only those specifically discussed in defendants' brief.

Defendants, in their amended answer, substantially deny and allege as follows: (1) Deny the allegations of plaintiff's petition; (2) allege that defendants agreed the house was to be built by plaintiff in accord with the Mark Romohr plans, for $28,000; (3) that they paid $29,382.97 upon the contract and were allowed $1,000 credit for used lumber stored at the defendants' farmstead; (4) that there are 26 defects in the construction, each set out separately and numbered, which defendants allege constitute a failure to perform the contract in those particulars; (5) that there were certain other items ordered for which the defendants paid but have not received credit; (6) that the patio on the outside of the house, was settling, and that water and rain overflowed into the living room and down into the basement, necessitating a repair cost of $400; (7) that plaintiff failed to enclose the upper part of the basement walls which will entail a cost to the defendants of $750; (8) that the garage double door has not functioned and the floor of the garage slopes gently to the north so that surface waters flow into the garage, to correct which will cost $300; and (9) that the fireplace in the basement smokes and because it has never been finished will require an additional expenditure of $200.

The trial court, in instruction No. 2, stated those issues as follows: "Defendants for their Answer to *plaintiffs'* Petition deny each and every allegation therein and allege that the house was to be built by plaintiff according to the Mark *Romar* plan for the sum of $28,000.00 and was to be constructed in a good and workmanlike manner; that defendants have paid plaintiff a total of $29,382.97 and, in addition thereto, *plaintiffs were* to be allowed a credit upon used lumber of defendants' used

by plaintiff in the sum of One Thousand Dollars; that plaintiff failed to complete said house in a good and workmanlike manner, in accord with the plans and specifications, in various ways, as detailed in the evidence; and that the fair and reasonable cost to place said house in substantially its condition as provided by the plans and specifications is the sum of $11,815.47; that certain extras were ordered but were paid for by the defendants, as has been detailed in the evidence; that certain damages have been caused to defendants by reason of claimed omissions and unworkmanlike construction; and that, for all of the above, defendants claim plaintiff should pay them $15,848.44 and that plaintiff's Petition should be dismissed."

Defendants urge that they were entitled to have each of the items set out in their answer specifically set forth in the instructions so that the jury would know exactly what the contested issues were as between the parties. Defendants do not attempt to point out how instruction No. 2 was prejudicial. It is true it does not go into defendants' claims with any specificity. The purpose of instructions is to summarize the issues presented by the parties, and not to attempt to list them in every detail. The instruction of the court sufficiently stated the issues covered by the pleadings and supported by the evidence. This court has on many occasions condemned the practice of copying pleadings into instructions. The proper method of presenting a case to the jury is a clear and concise statement by the court of those issues which find support in the evidence, and not by substantially copying the pleadings of the parties. Kroeger v. Safranek, 161 Neb. 182, 72 N. W. 2d 831.

Defendants assign as error the overruling of their attack on plaintiff's petition at three separate stages of the proceedings on the grounds it failed to state a cause of action. Defendants filed a demurrer ore tenus before the introduction of testimony; a motion for a directed verdict at the close of plaintiff's evidence; and a

motion for a directed verdict at the close of all of the evidence. Defendants' attack is predicated on the premise that there is no specific allegation in the petition of substantial performance of the contract within the meaning and intent of section 25-836, R. R. S. 1943, which reads: "In pleading the performance of conditions precedent in a contract, it shall be sufficient to state that the party duly performed all the conditions on his part; and if such allegation be controverted, the party pleading must establish on the trial the facts showing such performance."

On this point, the trial judge in his ruling stated as follows: "The Court: I am going to overrule the Motion, and partly for this reason—the Petition, I think, is not quite complete but at the time of the pre-trial conference, and this was not included in the pre-trial Order, it was stated by the attorney for the defendants that there was no question that the work had been done but it was a question of whether or not the extras were included within the ambit of the contract; and then there was the question raised of the unworkmanlike carrying out of the work; and at that time it was my understanding that the issue would be as to what the contract was; and that the house was completed substantially and had been moved into." We believe that under the circumstances present in this case the ruling was correct.

Defendants attack instructions Nos. 4 and 5 given by the trial court. In instruction No. 4 the trial court laid out plaintiff's burden of proof, first on the contract, then on the claimed extras and additions. We do not agree with defendants that it was confusing or that it "almost instructs a verdict for the plaintiff." Instruction No. 5 must be read in conjunction with instructions Nos. 6 and 7. These clearly cover all of the defendants' contentions. The instructions of the court must be considered in toto and if so considered they cover the issues raised by the pleadings and supported by the evidence,

they are adequate. Frank H. Gibson, Inc. v. Omaha Coffee Co., 179 Neb. 169, 137 N. W. 2d 701.

Defendants complain of the refusal of the trial court to give their tendered instructions Nos. 2 and 3. There is no merit to these assignments. The substance of instruction No. 2 is covered in the trial court's instructions Nos. 5, 6, and 7, and the trial court's instruction No. 7 is almost identical to tendered instruction No. 3.

Defendants allege that the court erred in permitting a contractor to answer a hypothetical question. We do not agree. It is the duty of the trial court to control the propounding of hypothetical questions to expert witnesses and to regulate the form, length, and content of the questions. In the exercise of this power, the court exercises a judicial discretion which ought not be overridden unless it very clearly appears to have been wrongly exercised. 58 Am. Jur., Witnesses, § 852, p. 481.

The question propounded was a short one, was a proper hypothetical question, and while there was a dispute in the evidence on one of the assumptions, the ruling was clearly within the discretion of the trial court. Even if the question had been erroneously admitted, a review of the testimony leads us to the conclusion that it could not have prejudiced the defense.

Defendants argue that the evidence is insufficient to sustain the verdict returned by the jury. It would seem that the jury allowed plaintiff the $5,537.64 claimed for extras and additions, and possibly a disputed item of $2,000, and then gave the defendants credit for the old lumber used by the plaintiff, which could have been either $250, $500, or $1,000, and that the balance of the $1,500 difference represents an attempt to make some allowance for defects the jury found to exist. There is no question the defendants were allowed credit for the $1,382.97 paid for appliances. While we might have been more liberal on allowance on defects, we cannot say the jury was too restrictive. The jury heard the testimony and we are reading a cold record. In any

event, the questions presented are ones of fact, and solely within the province of the jury. We cannot say that the evidence is insufficient to sustain the verdict herein.

For the reasons given, the judgment herein is affirmed.

AFFIRMED.