H. D. FAGER OIL CO., INC., APPELLANT, V. KAER P. VANICE, 3RD, DOING BUSINESS AS VANICE CAR WASH, APPELLEE.

224 N. W. 2d 372

Filed December 26, 1974. No. 39514.

Bauer, Galter & Geier, for appellant.

J. Taylor Greer of Woods, Aitken, Smith & Greer, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

This is an action to recover under an oral contract for petroleum products sold and delivered. The defendant claimed certain credits were due him including one for overcharges on gasoline. This credit was allowed by the District Court and is the only subject of the appeal. We affirm the judgment of the District Court.

In substance, plaintiff's assignment of error chal-

lenges the sufficiency of the evidence to sustain the allowance of the credit mentioned. The owner of the plaintiff concern and defendant were former business partners engaged in the sale of petroleum products purchased from the Champlin Petroleum Company. Defendant sold his interest in this concern to his partner but continued to operate the Vanice Car Wash which purchased gasoline from the plaintiff. Defendant's evidence was to the effect that the gasoline was to be delivered to him at ¾ths or .75 of a cent per gallon above cost to plaintiff on a monthly billing basis but, unknown to him, he was charged 1.55 cents per gallon above cost for several months and finally learned of the overcharge from representatives of the Champlin Petroleum Company. Plaintiff insisted the agreement was that it should receive 1.55 cents per gallon above cost if credit on a monthly basis was extended. The evidence was directly contradictory.

Plaintiff relies on the proposition that the interpretation given a contract by the parties themselves while engaged in its performance is one of the best indications of the true terms of the contract. See, Jensen v. Manthe, 168 Neb. 361, 95 N. W. 2d 699; Simon v. Omaha P. P. Dist., 189 Neb. 183, 202 N. W. 2d 157. This is a well-recognized rule but it imports an understanding by both parties of the basic or underlying factors involved. Here defendant's evidence indicates that he was completely unaware of the overcharges being made while the contract was in force and did not knowingly accede to them.

It would serve no purpose to detail the evidence submitted in the somewhat lengthy record before us. As noted, the evidence was directly contradictory and it was sufficient to sustain a verdict for either party. Under such circumstances we are obliged to heed the following rules: "The judgment of the trial court in a law action where a jury has been waived has the effect of a verdict of a jury and will not be set aside unless clearly wrong. * * *

"It is not the province of this court in reviewing the record in an action at law to resolve conflicts in or weigh the evidence. * * *

"In determining the sufficiency of the evidence to sustain a judgment in a law action, it must be considered most favorably to the successful party, every controverted fact must be resolved in that party's favor, and he must have the benefit of any inferences reasonably deducible from it." Parsons Constr. Co. v. State, 180 Neb. 839, 146 N. W. 2d 211.

The judgment of the District Court is affirmed.

AFFIRMED.