CREDIT BUREAU SERVICES, INC., APPELLANT, V. PATRICK F.
MOYLAN, APPELLEE.
237 N. W. 2d 151

Filed January 8, 1976. No. 40173.

John L. Cutright, for appellant.

David J. Cullan of Cullan & Cullan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

This is an action to recover on a construction contract for the erection of a duplex. Defendant failed and refused to make the final payment due on the contract. The claim was assigned to plaintiff. Defendant claimed a setoff for defective construction. On trial to the court, judgment was entered for defendant. We affirm the judgment of the District Court.

The contract provided for the furnishing of all labor and materials by the contractor, plaintiff's assignor; construction to be done in a good and workmanlike manner; and materials to be obtained from a local Bassett, Nebraska, lumberyard subject to owner's inspection. The contractor agreed to reexecute any work not conforming to requirements and remedy defects due to faulty material and workmanship. The plans and specifications were made a part of the contract. The specifications required 2-inch x 4-inch truss rafters set on 24-inch centers with 6-inch thick, 25-inch wide, Johns-

Manville insulation or its equivalent. Tub areas in bathrooms were to have 1/8-inch Marlite, and Marlite around balance of bathrooms to extend to height of 4 feet, with rest of walls above Marlite in prefinished paneling. Ceilings were to have 1/2-inch sheetrock with taped joints and joint compound. Six roof ventilators and three gable-end ventilators were to be installed. There was no provision for interior painting.

The fundamental question presented is whether or not the evidence supports the judgment. The court found that there were sagging ceilings resulting from the collection of moisture due to improper insulation and insufficient ventilators, gaps between the siding and the roof, unfinished walls over the bathtubs, a discolored ceiling in one kitchen, and carpet laid crooked in one bathroom, which defects offset plaintiff's claim. Most of the defects were admitted by the contractor who sought to excuse them on the basis of the necessity of using materials supplied by the Bassett lumberyard. There is nothing in the contract restricting the contractor's proper choice of materials. If the Bassett lumberyard did not have them, it could have insisted that they be obtained. It appears clear that the work was not done in a good and workmanlike manner and that the evidence sustains the finding and judgment of the trial court. "In determining the sufficiency of the evidence to sustain a judgment in a law action, it must be considered most favorably to the successful party, every controverted fact must be resolved in that party's favor, and he must have the benefit of any inferences reasonably deducible from it." H. D. Fager Oil Co., Inc. v Vanice, 192 Neb. 789, 224 N. W. 2d 372.

The judgment of the District Court is affirmed.

AFFIRMED.