A R L CORPORATION, A NEBRASKA CORPORATION, ALSO KNOWN AS ALEX SPORTING & UNIFORMS, APPELLEE, V. ROBERT HROCH, DOING BUSINESS AS ASSOCIATED WRECKING AND SALVAGE COMPANY, ET AL., APPELLANTS.

268 N. W. 2d 101

Filed July 19, 1978. No. 41591.

Ronald L. Eggers of Nelson & Eggers, for appellants.

Donald A. Roberts of Collins & Gleason, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, BRODKEY, and WHITE, JJ.

BOSLAUGH, J.

The plaintiff operates a sporting goods store in Omaha, Nebraska. On February 13, 1974, the plaintiff entered into a written contract with the defendant, Robert Hroch, doing business as "Associated Wrecking Company," for the demolition of two buildings on adjacent property on which the plaintiff planned to construct a parking lot. The agreement provided that the defendant would demolish the buildings down to 1 foot below grade, fill the basement with clean bricks, and "fill the premises with new dirt to street level in a manner and grade suitable for the asphalt paving of a parking lot thereon." The contract also required that the defendant fill in the openings in adjoining buildings but there is no dispute concerning these provisions of the contract.

The defendant completed its contract on or about

March 1, 1974. The property was surfaced with asphalt about 6 weeks later. About 1 month later the lot began to settle. This action was commenced on February 26, 1976. The plaintiff alleged that the defendant had breached the contract by "insufficiently filling said lot thereby causing the paving to settle and crack."

The jury returned a verdict for the plaintiff in the amount of $7,000. The defendant has appealed and contends the evidence does not support the verdict; that the trial court erred in receiving certain evidence; and that certain of the instructions were erroneous.

The plaintiff's theory of the case was that the defendant failed to remove all debris from the basement and did not fill the basement area with only clean bricks and new dirt. On January 27, 1977, the plaintiff had a test hole drilled in the lot near the place where the greatest settling had occurred. The engineer who drilled the test hole, Richard L. Donovan, testified that at a depth of 5 feet the drill encountered trash, tin cans, wire, and burnt wood. Another witness called by the plaintiff testified that the lot might continue to settle over a period of years, because of the debris in the basement, and that the only satisfactory repair would be to remove the fill completely and replace it with fill dirt at a cost of $7,500 to $8,000.

Robert Hroch, the president of the defendant, testified that the plaintiff decided to have the basement filled with bricks and dirt, rather than only dirt, because that method was less expensive. Hroch told the president of plaintiff that there would be some settling because the bricks were water-soaked and frozen at the time they were placed in the basement and recommended that the plaintiff surface the lot with crushed rock and wait until September or October before surfacing the lot with asphalt. The defendant produced evidence that satisfactory repairs

could be made by placing additional asphalt on the lot at a cost of approximately $2,200.

The evidence was in conflict and presented questions of fact for the jury as to why the settling had occurred. The evidence was sufficient to sustain a finding that the defendant had not filled the basement with clean bricks and dirt but had left up to 3 feet of debris in the basement which resulted in the settling.

The defendant objected to the testimony of Richard L. Donovan, the engineer who had drilled the test hole, on the ground that the evidence did not relate to any issue under the pleadings. The defendant contended the pleadings limited the issues to a question of whether sufficient dirt had been placed in the basement. The petition, which included the contract by reference, alleged the defendant had breached the contract by "insufficiently filling said lot." Although the petition was not a model of clarity, we think the allegations were sufficient to raise an issue as to whether the defendant had not filled the basement with clean bricks and dirt as required by the contract. The ruling on the objection was not erroneous.

The principal question on the appeal relates to the measure of damages. The plaintiff alleged that it would be required to repair and replace the work done by the defendant. The trial court instructed the jury that the measure of damages was the fair and reasonable cost of remedying the defect or defects. The defendant objected to this instruction and requested that the jury be instructed that the measure of damages was the difference in value between the parking lot as built and if built according to the contract specifications. The objection was overruled and the requested instruction was refused. This was sufficient to raise an issue as to the correct measure of damages. Beveridge v. Miller-Binder, Inc., 177 Neb. 734, 131 N. W. 2d 155.

Where defects in materials, construction, or workmanship are remediable without materially injuring or reconstructing any substantial portion of the building, the measure of damages is the cost of remedying the defects. But where the defects can not be remedied without reconstruction of or material injury to a substantial portion of the building, the measure of damages is the difference between the value as constructed and the value if built according to the contract. Jones v. Elliott, 172 Neb. 96, 108 N. W. 2d 742.

There was evidence in this case that the plaintiff was using the parking lot as constructed although it was defective because there had been some settling. The plaintiff's evidence was that the only satisfactory repair would be to remove the fill completely and replace it with fill dirt at a cost of $7,500 to $8,000. This would result in the destruction of a major part of the work done by the defendant and a reconstruction of its work. The evidence presented a jury question as to which measure of damages should apply.

The trial court erred in determining as a matter of law that the measure of damages was the cost of remedying the defects. The judgment is reversed and the cause remanded for a new trial on the issue of damages only.

REVERSED AND REMANDED WITH DIRECTIONS.

CLINTON, J., participating on briefs.