HUDSON FOODS, INC., APPELLANT, v. L & B
CORPORATION ET AL., APPELLEES.
IN RE ESTATE OF ROY FRANKLIN CLARK, DECEASED.
HUDSON FOODS, INC., APPELLANT, v. ESTATE OF ROY
FRANKLIN CLARK, DECEASED, APPELLEE.

275 N. W. 2d 70

Filed February 6, 1979. Nos. 41788, 41786.

Michael G. Helms of Schmid, Ford, Mooney, Frederick & Caporale, for appellant.

John R. Douglas of Cassem, Tierney, Adams & Gotch, for appellees L & B Corporation et al.

Paul E. Watts and Gerald E. Moran, Robert C. Sigler, and Julianne M. Dunn, for appellee Estate of Roy Clark.

Heard before SPENCER, C. J., Pro Tem., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

McCOWN, J.

These negligence actions were brought by plaintiff against the defendants to recover for damages sustained by the plaintiff when a liquid ammonia pipe broke in a cold storage room of the warehouse premises leased by the plaintiff, Hudson Foods, Inc., from the defendant, L & B Corporation. The two cases were consolidated for trial and a jury was waived. The District Court found for the defendants and the plaintiff has appealed.

The plaintiff, Hudson Foods, Inc., at the times

material here, was the lessee of certain cold storage warehouse space owned by the defendant, L & B Corporation. The cold storage room involved was equipped with a single evaporator refrigeration unit located near the ceiling of the room. The unit had been purchased from Preston Refrigeration Company, and installed by Roy Franklin Clark, who also provided the pipe for the installation. The refrigeration equipment was installed in 1967 and had been in regular operation since.

On the morning of May 22, 1974, a leak was discovered in the pipe carrying liquid ammonia leading to the refrigeration unit in the space leased to the plaintiff. All witnesses subsequently agreed that the leak resulted from a fracture in the pipe. The ammonia and ammonia odor from the fractured pipe contaminated a quantity of meat and poultry stored in the room. Plaintiff's alleged loss, after salvage, was approximately $50,000. The lessor was responsible for providing and maintaining the cooling equipment on the premises.

The evidence established that the lessor made a daily and also a weekly inspection of the warehouse rooms and refrigeration units and completely serviced the units every 30 days. The evidence also established that it was not uncommon for ice to accumulate on pipes carrying liquid ammonia and the lessor periodically chipped the ice off when it became too thick.

The plaintiff relied on expert testimony to establish the cause of the break. One expert testified that the break in the pipe was the result of a fatigue fracture which, in his opinion, was caused by vibrations induced in the pipe from operation of the refrigeration unit, and by pipe supports which were not strong enough to hold the pipe firmly. The second expert testified that, in his opinion, the pipe fractured because it was overstressed and that the amount of ice surrounding the pipe added to the

stress. He also testified that a heavy-duty pipe should have been used rather than the regular pipe which was used. In his opinion the fracture could have been a cyclic loading fatigue, a vibratory fatigue, or it could have been a miniscule crack that opened at that time for reasons unknown. The third expert witness believed that the fracture in the pipe resulted from overstressing at the point where the pipe entered a bushing, and that it was caused by the weight of ice surrounding the pipe. This witness stated that the type of pipe used in this installation was the type normally used in cooling systems in the area. All three experts agreed that there was no test or inspection which the lessor could have performed which would indicate that the pipe was about to break.

Plaintiff filed one action against L & B Corporation and Preston Refrigeration Company. After discovery plaintiff later filed an action against the estate of Roy Franklin Clark. The cases were subsequently consolidated. The consolidated cases were tried to the court without a jury and are consolidated on this appeal.

Plaintiff alleges that the defendants negligently installed the refrigeration unit, negligently used pipe of insufficient strength to withstand stresses imposed, and were also negligent in failing to properly inspect and maintain the units. The District Court found in favor of all the defendants and dismissed plaintiff's action.

The plaintiff contends that the evidence is insufficient to support the judgment of the District Court. We disagree. The determination of whether or not the defendants were guilty of negligence which proximately caused the damage here was clearly a question of fact. The trial court determined those factual issues in favor of the defendants and the evidence is sufficient to support that determination.

Although the testimony was produced largely from

plaintiff's witnesses, they did not agree as to what caused the break in the pipe, and the evidence fails to establish any negligence on the part of the defendants which proximately caused the damage.

The judgment of a trial court in an action at law where a jury has been waived has the effect of a jury verdict and it will not be set aside on appeal unless clearly wrong. Where trial is to the court, a general finding that the judgment should be for a certain party warrants the conclusion that the trial court found in his favor on all issuable facts. Hansen v. Circle Lake Development Corp., 199 Neb. 678, 260 N. W. 2d 609.

The evidence supports the judgment of the District Court.

AFFIRMED.