AURORA COOPERATIVE ELEVATOR COMPANY, A CORPORATION, APPELLEE, v. STEVEN C. LARSON ET AL., APPELLANTS.

285 N. W. 2d 498

Filed November 20, 1979. No. 42394.

Thomas A. Wagoner, for appellants.

E. H. Powell, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

McCOWN, J.

This is an action by the plaintiff, Aurora Cooperative Elevator Company, against the defendants, Steven C. and Linda L. Larson, to recover amounts allegedly due on an open account. Jury was waived and the matter was tried to the court. The District Court entered judgment in favor of the plaintiff in the sum of $13,516.62, plus interest and costs. The defendants have appealed.

The defendants were stockholder patrons of the plaintiff, and had purchased goods and services from plaintiff on a revolving open account agreement since March 6, 1975. On March 4, 1976, the defendants purchased 4,600 pounds of corn rootworm insecticide at a total price of $3,128. Defendants did not take delivery of the chemicals at the time of sale, since they were to be picked up later. A sale ticket was made out and a copy delivered to the defendants at the time of sale. The charge of $3,128 was included in the monthly statement of account sent to the defendants on March 25, 1976, together with a copy of the sale ticket. The defendants paid the March 25, 1976, statement of account, including the March 4 charge for chemicals, on April 12, 1976. Between April 1, 1976, and July 25, 1977, the defendants accumulated an open account balance of $13,516.62 for purchases during that period. On September 6, 1977, plaintiff filed this action for recovery of that amount, together with interest from July 25,

1977, as provided in the revolving account agreement.

The defendants' pleadings do not dispute any of the purchases from April 1, 1976, to July 25, 1977, but allege that they received only 2,300 pounds of the chemicals purchased on March 4, 1976, and, therefore, should receive credit for an overpayment of $1,564 made on April 12, 1976, and subsequent interest on it, as an adjustment to their account.

The defendants' evidence was that a nephew picked up 2,300 pounds of the chemicals for them in the middle of June 1976, and the remaining half of the 4,600 pounds of chemicals had never been picked up or received.

The plaintiff's evidence was that when a sale for later pickup is made, the sale ticket is made up, and at the same time a load-out order sheet is made out and taken to the counter salesman to be checked off as the customer picks up the purchases. Once the customer picks up all the purchases, the load-out sheet is either destroyed or given to the customer. The plaintiff does not require the customer to sign the load-out sheet. Although plaintiff's employees who testified had no independent recollection that delivery of defendants' chemicals had been either partially or fully made, there was no load-out order or sheet in the plaintiff's files.

Although defendants testified that they applied only 2,300 pounds of chemicals to their corn land, the evidence was conflicting as to the amount of chemicals required to treat the land at the recommended rate of applications, and as to whether 2,300 pounds would have been sufficient.

The trial court found that defendants were indebted to the plaintiff in the sum of $13,516.62 as of July 25, 1977, with interest thereon at the rate of 1½ percent per month on the first $300 of such amount and 1 percent per month on the balance of such judgment. Defendants have appealed.

Defendants contend that the evidence in this case is insufficient to sustain the judgment because evidence of delivery was circumstantial only. The argument is that there is no direct testimony to contradict the affirmative testimony of the defendants that they had received only one-half of the chemicals. The question of whether all the chemicals were delivered and received or only one-half of them was a factual issue to be determined by the trier of fact. Here a jury was waived and the fact finder was the trial court. The judgment of a trial court in an action at law where a jury has been waived has the effect of a jury verdict and it will not be set aside on appeal unless clearly wrong. Where trial is to the court, a general finding that the judgment should be for a certain party warrants the conclusion that the trial court found in his favor on all issuable facts. Hudson Foods, Inc. v. L & B Corp. & Estate of Clark, 202 Neb. 291, 275 N. W. 2d 70.

In determining whether the evidence supports the findings of the trial court in an action at law where a jury has been waived, the evidence must be considered in the light most favorable to the successful party, all conflicts must be resolved in his favor, and he is entitled to the benefit of every inference that can reasonably be deduced from the evidence. Fabricators, Inc. v. Farmers Elevator, Inc., 203 Neb. 150, 277 N. W. 2d 676. In the case now before us there is evidence to support the findings of fact, and the judgment of the trial court was not clearly wrong.

Defendants next contend that the claim was unliquidated and that no prejudgment interest should be allowed, and that interest on the judgment, if allowed, should be limited to the statutory 8 percent rate. We disagree.

The revolving charge agreement between the plaintiff and defendants fixed the finance charge at 1½ percent per month on the first $300 and 1 percent

per month on any amount over $300. Those rates are authorized for revolving charge agreements under the provisions of section 45-207, R. R. S. 1943. Section 45-103, R. R. S. 1943, sets the interest rate on judgments at 8 percent per annum, but specifically provides that if the judgment is founded upon any contract, either verbal or written, by the terms of which a greater rate of interest not exceeding the amount allowed by law has been agreed upon, the rate of interest on the judgment shall be that provided for by the terms of the contract. The judgment in this case provided for interest at the rate agreed upon in the revolving charge agreement.

Plaintiff's claim that attorney's fees should have been allowed cannot be considered in the absence of a cross-appeal.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.