MARGARET OLSON, ADMINISTRATRIX OF THE ESTATE OF EVERETT OLSON, DECEASED, AND MARGARET OLSON, INDIVIDUALLY, APPELLANTS, v. RICHARD N. ENGLAND, APPELLEE.

292 N. W. 2d 48

Filed May 13, 1980.  No. 42855.

Lawrence W. Rice, Robert M. Harris, and Randall L. Lippstreu, for appellants.

Robert M. Brenner, for appellee.

Heard before BOSLAUGH, BRODKEY, and HASTINGS, JJ., and WARREN and FUHRMAN, District Judges.

WARREN, District Judge.

The plaintiffs, Everett Olson and Margaret Olson, brought this action against the defendant, Richard N. England, to register a Colorado judgment in the District Court for Scotts Bluff County, Nebraska. The defendant attacked the jurisdiction of the Colorado court. After trial, the Nebraska court refused to register the judgment and dismissed plaintiffs' petition. Thereafter, on June 14, 1978, Everett Olson died and the action was revived in the name of his administratrix, Margaret Olson. Plaintiffs appeal from an order overruling two separate motions for new trial. We affirm.

The issue on appeal is whether evidence was admissible in the Nebraska court to show that a general appearance in the Colorado court purporting to have been made by an attorney for the defendant was, in fact, made by an attorney who was neither employed by defendant nor authorized to act for him.

On November 29, 1974, the plaintiffs filed suit against the defendant on two promissory notes in the District Court for Grand County, Colorado. The return of the summons by a deputy sheriff recited service on "Mrs. Richard N. England" at "place of residence within Fraser, Colorado" on November 22, 1974. One Jonathan T. Belknap, designating himself as "Attorney for Defendant," filed an answer containing a general denial and two affirmative defenses. Belknap later filed a pretrial statement and, on June 17, 1975, Belknap appeared before the Colorado court, participated in a pretrial conference and approved the pretrial order as to form by signing the same as "Attorney for Defendant." At trial on October 14, 1975, neither defendant nor his attorney appeared. The Colorado court found it had jurisdiction over the defendant and entered judgment against defendant for $8,852.87 which included interest, court costs, and an attorney's fee of $1,075.46.

On October 20, 1977, plaintiffs petitioned the District Court for Scotts Bluff County to register the Colorado judgment. Defendant answered generally denying and alleging as affirmative defenses: (1) That the Colorado court "failed to have jurisdiction over the Defendant and the subject matter of the action;" and (2) That the note referred to in the Colorado judgment was "outlawed by the statute of limitations . . . ." Plaintiffs filed a reply denying the affirmative defenses. A pretrial conference was held on April 7, 1978, following which the District Court entered an order reciting:

> After discussion of the issues, it was determined that the issues to be tried in the trial of the case are:
>
> 1. Whether the District Court in and for the County of Grand and State of Colorado had jurisdiction over the person of the Defendant and the subject matter of the action in rendering judgment on October 14, 1975.

. . .

Exhibits were identified, consisting of the Colorado judgment and Colorado pleadings, including the return of service. Plaintiffs listed themselves as possible witnesses. Defendant listed as his witnesses Mary England, Jonathan T. Belknap, and himself. A jury was waived and the case was set for trial to the court. The pretrial order specifically provided that the parties were "bound by the statements made, orders made and arguments made in this Pre-Trial Order," and "that this Pre-Trial Order shall govern the future conduct of the case . . . ."

At the trial, the testimony of the defendant, his wife, and daughter established that the defendant had separated from his wife in August 1974, due to marital problems; that he left Colorado to find work and was employed and residing in Vernal, Utah, on November 22, 1974, when the summons was "served" in Colorado. The service was further impeached by the uncontradicted testimony that the deputy sheriff left the summons with Mrs. England's 13-year-old daughter, Cynthia Marie England, at a time when Mrs. England was not at home.

The plaintiffs have conceded during oral argument that the purported Colorado service on the defendant was defective. The personal jurisdiction of the Colorado court must, therefore, rest upon the appearances in that court by Jonathan T. Belknap.

The defendant's wife, Mary England, testified to the continuous separation of the parties from August 1974 until they reconciled in January 1976; that defendant never returned to Colorado; and that she was the sole support of herself and her family during the period of separation. She never told defendant of the suit, but took the "papers" to Belknap, the only attorney in Fraser, Colorado, and told him to "do something with them." She never talked to Belknap again and didn't know what he did. Defendant testified that he knew nothing of the suit or

the trial and never employed Belknap nor author-
ized him to represent him. Plaintiffs called no wit-
nesses to contradict the testimony of the Englands.

The trial court specifically found that the service
of process was defective and that the appearance by
the attorney in the case in Colorado was not author-
ized by the defendant.

The principal contention of plaintiffs is that the
District Court erred in receiving evidence showing
that Belknap's appearance was unauthorized.

There can be no doubt as to the general principle
that a judgment of a foreign state can be collaterally
attacked by evidence that the court was without
jurisdiction.

"Where a judgment appears from the record to be
valid, extrinsic evidence is admissible in a collateral
attack upon the judgment to show that it is void."
Restatement of Judgments § 12.

> A judgment rendered in one State is subject
> to collateral attack in another State on the
> ground that the State in which the judgment
> was rendered had no jurisdiction over the
> defendant or over the subject matter, even
> though it appears in the judgment record
> that the court had jurisdiction and extrinsic
> evidence is necessary to establish its inva-
> lidity. . . . So also, it may be shown that an
> appearance in the action purporting to be
> entered by an attorney for the defendant
> was in fact made by an attorney who was
> not employed by the defendant or authorized
> to act for him.

*Id.,* Comment c.

> In an action on a foreign judgment, ren-
> dered in proceedings in which there was no
> service of process on the defendant, and no
> waiver of such service, the defendant may
> show, as a complete defense that the attor-
> ney who entered an appearance for him in

such proceedings had no authority to do so. *National Exch. Bank v. Wiley,* 3 Neb. (Unoff.) 716, 92 N.W. 582 (1902), syllabus of the court, aff'd, 195 U.S. 257 (1902).

"[W]hen a judgment rendered in one state is challenged in another, a want of jurisdiction over either the person or the subject matter is open to inquiry. The party attacking the validity of the judgment has the burden of establishing its invalidity." *Repp v. Repp,* 156 Neb. 45, 52, 54 N.W.2d 238, 242 (1952).

Plaintiffs argue that the defendant's allegation that the Colorado court failed to have jurisdiction over the defendant was a mere conclusion of law and did not raise a justiciable issue upon which the court could receive evidence. Plaintiffs maintain that they had no warning by a fact pleading that defendant intended to rely on proof that the Belknap appearance was unauthorized. They contend that they might have produced evidence at the Nebraska trial to contradict that of the defendant and thus prove Belknap was authorized to appear for defendant in the Colorado court. Plaintiffs cite *Midland-Ross Corp. v. Swartz,* 185 Neb. 484, 486, 176 N.W.2d 735, 736-37 (1970), in which this court said:

> The right to introduce evidence depends upon there being an issue of fact as to which it is relevant. The issues are made by the pleadings; and unless there is an issue of fact before the court, there is no right to introduce evidence to prove or disprove the fact.

The difficulty with plaintiffs' position is that defendant did raise the affirmative defense of lack of jurisdiction over his person when he filed his answer. While the affirmative defense as pleaded was conclusionary in form, plaintiffs made no attempt to require a more specific allegation by either a motion to make more definite and certain or by a demurrer to the affirmative defense as pleaded. Instead, plaintiffs filed a reply in the form of a general denial.

One year later, plaintiffs fully participated in a pretrial conference at which the specific issues were discussed and then summarized in the pretrial order, which defined and limited the *sole issues* to be tried as, whether the Colorado court had jurisdiction over the person of the defendant, and whether the Colorado court had jurisdiction over the subject matter of the action.

Pretrial conferences are sanctioned by this court. See *Pre-Trial Procedure: Formulating Issues,* Neb. Ct. R. V (Rev. 1977). Our rule requires the court to make a record of the proceeding, which recites the action taken at the conference, the amendments allowed to pleadings, and the amendments made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel. Frequently, the pretrial conference is informal and a verbatim record may not be made of the discussions between the court and counsel. The pretrial order, while summary in form, is binding upon the parties.

The pretrial order in this case does not specifically mention the precise grounds on which the defendant would attack the in personam jurisdiction of the Colorado court, but the exhibits identified at the pretrial conference included the return to the summons, which showed defective service on its face. Jonathan T. Belknap was listed by the defendant as a witness. It is fair to infer that this left defendant with one apparent basis to attack personal jurisdiction: Belknap's lack of authority. We are convinced of the soundness of this inference by the fact that the trial judge, in his judgment and order, stated that "the pleadings and issues discussed in the pre-trial order clearly raised the issue and the only evidence Plaintiff presented was that authority existed with its cognovit provision." Defendant's counsel, who participated in the pretrial conference, states unequivocally in his appellate brief: "The sub-issues

of the jurisdictional issue (the validity of service and the authority of counsel) were discussed at the pretrial conference, and the Pretrial Order combined them into one issue concerning jurisdiction . . . ." The accuracy of this statement was not denied by plaintiffs' counsel, either by brief or by way of oral argument. Plaintiffs made no claim of surprise at the trial when the evidence was offered relative to Belknap's authority, but instead objected to its competency and materiality on the ground the Colorado judgment was a final judgment no longer subject to appeal. Plaintiffs made no request for a continuance.

Issues stipulated to at a pretrial conference constitute the issues upon which the case is to be tried. In *Kresha Constr. Co., Inc. v. Kresha,* 184 Neb. 188, 166 N.W.2d 589 (1969), the defendant moved at the close of all the evidence for a directed verdict, arguing that the plaintiff had failed in its petition to allege substantial performance. The trial judge overruled the motion stating that, while the pretrial order did not include it, defendants at the pretrial conference had admitted "that the house was completed substantially and had been moved into," *Id.* at 192, 166 N.W.2d at 592, and the court understood the issues to be tried related to extras and unworkmanlike performance. This court found that ruling to be correct.

"The purpose of a pretrial conference is to simplify the issues; amend the pleadings, when necessary; and avoid unnecessary proof of facts at the trial. . . . The subsequent course of an action is controlled by the agreements made at pretrial conference so long as they remain unmodified." *Long v. Magnolia Petroleum Co.,* 166 Neb. 410, 418, 89 N.W.2d 245, 251 (1958). See, also, *Western Pipe and Supply, Inc. v. Heart Mountain Oil Co., Inc.,* 179 Neb. 858, 140 N.W.2d 813 (1966).

Under the circumstances present in this case, we

hold that the trial court was correct in receiving evidence relating to the authority of Jonathan T. Belknap to appear for defendant in the Colorado court.

Plaintiffs' remaining contention is that, even if the evidence on lack of authority was properly admitted, the evidence was insufficient to sustain the judgment of the trial court.

"If such judgment on its face appears to be one entered by a court of general jurisdiction, such jurisdiction over the subject matter and the parties will be presumed, unless disproved by extrinsic evidence or by the record itself." *Repp v. Repp, supra* at 52, 54 N.W.2d at 242.

> The judgment of a trial court in an action at law where a jury has been waived has the effect of a jury verdict and it will not be set aside on appeal unless clearly wrong. . . .
>
> In determining whether the evidence supports the findings of the trial court in an action at law where a jury has been waived, the evidence must be considered in the light most favorable to the successful party, all conflicts must be resolved in his favor, and he is entitled to the benefit of every inference that can reasonably be deduced from the evidence.

*Aurora Cooperative Elevator Co. v. Larson,* 204 Neb. 755, 758, 285 N.W.2d 498, 500 (1979).

The plaintiffs relied entirely upon the records of the Colorado court. Defendant had the burden of establishing invalidity of the judgment. Here, there is evidence to support the findings of fact, and the judgment of the trial court was not clearly wrong.

AFFIRMED.