ALBERT G. TIBBS, DOING BUSINESS AS
TIBBS CONSTRUCTION COMPANY, APPELLANT, V.
STAN FISHER, DOING BUSINESS AS
FISHER LAND COMPANY, LTD., APPELLEE.

303 N.W.2d 293

Filed March 13, 1981.   No. 43313.

Ivory Griggs and Wilbur C. Smith of Smith & Hansen for appellant.

H. Daniel Smith of Daub, Stehlik & Smith for appellee.

Heard before BOSLAUGH and WHITE, JJ., and RONIN, BARTU, and KELLY, District Judges.

KELLY, District Judge.

Defendant-appellee was in the business of buying and renovating apartment buildings and had five adjacent apartment buildings in North Omaha that were in very poor condition and had been vandalized. Appellee looked for and found contractors and sought bids for the renovation of these buildings. The appellee employed the plaintiff-appellant, by contract, to renovate these buildings; no plans were submitted and no architect was employed.

The appellant began work on the project on July 20, 1978, and continued until September 16, 1978, when the appellee ordered appellant off the job because of problems with workmanship and diligence in completing the work.

It is well recognized that, as a general rule, every contract for work or services includes an implied duty to perform the work or services skillfully, carefully, diligently, and in a workmanlike manner. See 17 Am. Jur. 2d *Contracts* § 371 (1964). The record discloses

many areas of unacceptable workmanship and delays due to poor quality work. We will not recite all of the examples here. Suffice it to say that it appears from the record that the termination of the contract by the appellee was justified by the breach of contract by the appellant. Generally, a party who has failed or refused to perform the terms and conditions imposed upon him by a contract, or has not been ready, willing, and able to perform the same, cannot recover for a breach thereof by the other party. *Bodtke v. Bratten*, 166 Neb. 36, 88 N.W.2d 159 (1958).

Substantial performance is shown in a building contract when all of the essentials necessary to the full accomplishment of the purposes for which the thing contracted for has been constructed and performed with such an approximation to complete performance that the owner obtains substantially what is called for by the contract. *Jones v. Elliott*, 172 Neb. 96, 108 N.W.2d 742 (1961). The record in this case discloses that the appellant failed to substantially perform his contract inasmuch as the work contracted for was not performed in a workmanlike manner. In cases of this sort, the builder must be understood to have agreed to use the diligence and attention and skill adequate to the completion of his bargained-for performance. See 17 Am. Jur. 2d *Contracts* § 371 (1964). See, also, *Credit Bureau Services, Inc. v. Moylan*, 195 Neb. 197, 237 N.W.2d 151 (1976). The evidence shows that the appellant failed to perform his contract, with reference to supervision and workmanlike production.

In addition to his contract claim, the appellant's second cause of action asserted that his business reputation had been slandered by virtue of letters the appellee sent to the appellant's building materials suppliers. The gist of the letter was that the appellee had terminated his relationship with the appellant and that no more materials should be charged against the appellee's property. The appellant's slander claim must, likewise, fail. The general rule in this regard is: "The publication

of a notice consisting solely of a statement of the cessation of a prior business or professional relationship between the parties is generally held not to be libelous or slanderous." 50 Am. Jur. 2d *Libel and Slander* § 117 at 617 (1970). The appellee's letter was a straightforward notification to suppliers who were his potential creditors that the appellee would not honor any further charges for materials for the project involved in this case. As such, the letter was not actionable.

This case was tried to the court below without a jury. The judgment of the trial court in a law action where a jury has been waived has the effect of a verdict of a jury and will not be set aside unless clearly wrong. It is not the province of this court in reviewing the record in an action at law to resolve conflicts in or weigh the evidence. Furthermore, in determining the sufficiency of the evidence to sustain a judgment in a law action, it must be considered most favorably to the successful party, every controverted fact must be resolved in that party's favor, and he must have the benefit of any inferences reasonably deducible from it. *H. D. Fager Oil Co., Inc. v. Vanice*, 192 Neb. 789, 224 N.W.2d 372 (1974). When viewed under the standards just enunciated, there can be no doubt that the judgment of the trial court was correct on both the facts and the law, and must be affirmed.

AFFIRMED.

BARTU, District Judge, concurs in result.