DONALD MOSS AND BETTY MOSS, APPELLEES, V. LAMOINE SPECK, DOING BUSINESS AS LAMOINE SPECK CONSTRUCTION CO., APPELLANT.

306 N.W.2d 156

Filed May 29, 1981. No. 43241.

Paine & Huston for appellant.

W. G. Blackburn of Cunningham, Blackburn, VonSeggern, Livingston, Francis & Riley for appellees.

Heard before KRIVOSHA, C.J., WHITE, AND HASTINGS, JJ., and HENDRIX and KNAPP, District Judges.

KNAPP, District Judge.

This is an action at law brought by Donald Moss and Betty Moss, husband and wife, against LaMoine Speck, doing business as LaMoine Speck Construction Co., alleging breach of warranties contained in the parties' written contract for the construction by defendant of a residence for plaintiffs.

Construction was completed, or nearly so, in early October 1976. Plaintiffs moved into the residence a few days later, although a required "occupancy permit" allowing them to do so had not yet been obtained from the city building inspector. On March 19, 1977, following a 10-inch snowfall, the roof of the residence "sagged" to such a degree that the city building inspector refused to issue the occupancy permit.

That official, together with a private engineer retained by plaintiffs, inspected the roof and suggested certain repairs thereto which were attempted by defendant, but to little avail. Thereafter, plaintiffs' engineer reinspected the roof and concluded that the original defects in construction had been compounded rather than cured by the attempted repairs and that replacement of the roof was required. Plaintiffs thereupon hired a second contractor who reconstructed the roof at a cost to plaintiffs of $20,207.80.

This action followed, plaintiffs alleging that defendant breached the contract by failing to construct the residence in a "workmanlike manner according to standard practices," and by failing to construct the residence so that it would be suitable for residential purposes and would comply with all applicable building codes.

The case was tried to the court, sitting without a jury. On the trial, defendant conceded that various substantial errors occurred in his construction of the

roof. Plaintiffs prayed for the amount they paid the second contractor, less certain credits admittedly due defendant. No evidence as to the value of the residence as constructed by defendant compared to its value if constructed in accord with the contract was offered by either party. The court entered judgment in favor of plaintiff in the sum of $16,934.60, that being the amount paid by plaintiffs to the second contractor less $3,273.20 plaintiffs conceded was due defendant for work done outside the terms of the contract.

On appeal, defendant concedes liability and questions only the measure of damages applied by the trial court, citing *A R L Corp. v. Hroch*, 201 Neb. 422, 268 N.W.2d 101 (1978), as the latest in a series of Nebraska cases reciting the rule that where defects in materials, construction, or workmanship are remediable without materially injuring or reconstructing any substantial portion of the building, the measure of damages is the cost of remedying the defects, but where the defects cannot be remedied without reconstruction of or material injury to a substantial portion of the building, the measure of damages is the difference between the value as constructed and the value if built according to the contract. The latter rule contemplates instances where the contract has been substantially complied with, the structure as completed will serve substantially as well as would the structure if completed according to contract, and completion in accord with the contract terms would either endanger the balance of the structure or be possible only at inordinate cost. 5 A. Corbin, Contracts § 1089 (1964). In the instant case the structure as completed could not qualify for an occupancy permit and was therefore totally without value for the purpose for which it was intended, replacement of the roof presented no danger to the balance of the structure, and there is no evidence that the cost was unreasonable or inordinate. "Without question, the contract breaker should pay the cost

of construction and completion in accordance with his contract unless he proves affirmatively and convincingly that such construction and completion would involve an unreasonable economic waste." 5 A. Corbin, *supra* at 488.

The judgment of the trial court in a law action where a jury has been waived has the effect of a jury verdict and will not be set aside unless clearly wrong. *Tibbs v. Fisher*, 208 Neb. 306, 303 N.W.2d 293 (1981).

The proper measure of damages under the evidence in this case is a question for the trier of fact. The trial court, the trier of fact, found the proper measure of damages to be the cost of remedying the defect. That finding cannot be said to be clearly wrong.

AFFIRMED.