B TOWN, INC., A NEBRASKA CORPORATION, APPELLEE, V. CHET ALBRIGHT AND STEVE H. ALBRIGHT, DOING BUSINESS AS SINGER SEWING MACHINE SHOP, APPELLANTS.

311 N.W.2d 908

Filed October 30, 1981. No. 43634.

Charles W. Balsiger for appellants.

Gary G. Thompson of Hubka, Kraviec & Thompson for appellee.

Heard before KRIVOSHA, C.J., WHITE, and HASTINGS, JJ., and GITNICK, District Judge, and COLWELL, Retired District Judge.

GITNICK, District Judge.

This is an action by the plaintiff-appellee, B Town, Inc., a Nebraska corporation, to recover rents, utility payments and garbage collection charges, and costs for other than usual repairs for the balance of the term of a written lease, after the defendants-appellants, Chet Albright and Steve H. Albright, doing business as Singer Sewing Machine Shop, had voluntarily vacated the premises. A jury was waived and the case was tried on a series of exhibits stipulated into evidence by the parties. The District Court found for the plaintiff and against the defendants for the sum of $6,118.91, plus interest and costs. The defendants have appealed.

The plaintiff was the owner of a building in the city of Beatrice, Nebraska, which comprised several commercial areas, one of which was leased to the defendants under the terms of a 3-year lease which commenced on December 1, 1978, at a monthly rental of $300, plus prorated utility charges and garbage collection services. On July 19, 1979, defendants gave notice of their intent to vacate the premises, effective July 31, 1979. Subsequently, plaintiff was able to relet the premises for a reduced monthly rental of $100, commencing September 1, 1979.

The defendants complain of the judgment rendered against them for two reasons. They argue that an ambiguity exists in the lease prepared by the landlord, which they argue must be construed against the landlord and which excuses the defendants from payment responsibility. Secondly, the defendants contend, in substance, that the subsequent reletting of the entirety of the building makes the defendants liable, if at all, for a lesser rental than found to be due by the trial court, which computed the rental to be due only on the rent attributable to the portion of the building originally leased to the defendants, reduced by the rental received on reletting. These contentions were resolved by the trial court and decided adversely to the defendants. We affirm the judgment of the trial court.

The pertinent provision of the lease which is in dispute reads as follows: "15. LIABILITY: 'Lessor' hereby agrees and releases the 'Lessee' harmless from and against loss, damage or liability occasioned by or growing out of or arising or resulting from any default hereunder, or any tortuous [sic] or negligent act on the part of the 'Lessor', 'Lessor's' agents, or employees."

Needless to say, the foregoing lease paragraph is not a model of grammatical lucidity. However, this court has long held that in the construction of the language of written instruments, including leases, every effort should be made to harmonize the language which presents the difficulty with the other provisions of the instrument, if that can be accomplished by the use of recognized and reasonable rules of construction.

The purpose of rules of construction are to arrive at and give effect to the intention of the parties from a review of the entire instrument, rather than to select particular words for the purpose of interpreting a particular provision. Leases are construed from the four corners of the instrument to arrive at the true intention of the parties. See, Neb. Rev. Stat. § 76-205 (Reissue 1976); *Omaha Country Club v. Dworak*, 186 Neb. 336, 183 N.W.2d 264 (1971).

The defendants' contention is that the "hold harmless" provision of paragraph 15 of the lease, as set forth, avoids the responsibility to pay rental or any related charges imposed by the lease. Defendants overlook the concise statements of the lease with regard to the payment of rent, in paragraph 3, and to the payment of utilities and common area maintenance charges, in paragraph 14, which are clear. Defendants further overlook the applicability of paragraph 17, which deals expressly with the event of default in the payment of rental or the failure to perform any of the covenants, agreements, or obligations of the lease, and gives to the landlord the right to sue for the difference between the rental reserved under the lease for the unexpired portion of the term and any lesser sum which the

landlord obtains in reletting the premises for the remainder of the lease term. This provision is more specific in content than the general provisions of paragraph 15 relating to default, and must control.

To adopt the defendants' contention would be to release the lessee from all obligations imposed on the tenant by the terms of the lease when the act of default is caused by the lessee. The defendants' contention is a convoluted interpretation of a paragraph which, while admittedly inartfully drawn, nevertheless should not be the basis for voiding what is otherwise a clear statement of the responsibilities imposed on each of the parties by the other provisions of the lease. A construction leading to an absurd, harsh, or unreasonable result should be avoided, if possible. 51C C.J.S. *Landlord and Tenant* § 232(4) (1968).

Defendants' further contention that the trial court erred in the assessment of damages by not giving proper consideration to the overall rental received from the reletting of the entire building of which the demised premises are a part, at the time of the vacation of the demised premises by the lessee, is without merit. The defendants did not allege and offered no evidence pertaining to any question of fraud in reletting the demised premises for less than fair market rental. The defendants' contention was resolved against them on a factual basis by the trial court, based upon the evidence which was introduced by stipulation. The defendants will not now be heard to complain of their lack of evidence necessary to support their contention.

The defendants are entitled only to a credit against the rental liability for the amount of rental received by the lessor for the premises formerly occupied by them, and subsequently relet by the lessor, from the date of reletting. This they received.

In the case in controversy, a jury trial was waived and trial was to the court. In determining whether the evidence supports the findings of the trial court in an action at law where the jury has been waived, the

evidence must be considered in the light most favorable to the successful party, all conflicts must be resolved in its favor, and that party is entitled to the benefit of every inference that can reasonably be deduced from the evidence. *Aurora Cooperative Elevator Co. v. Larson,* 204 Neb. 755, 285 N.W.2d 498 (1979).

The judgment of the trial court in an action at law where the jury has been waived has the effect of a verdict of the jury, and it will not be set aside on appeal unless clearly wrong. *Tibbs v. Fisher,* 208 Neb. 306, 303 N.W.2d 293 (1981).

The evidence here supports the findings and judgment of the trial court.

AFFIRMED.