PIONEER ENTERPRISES, INC., A NEBRASKA CORPORATION, APPELLANT, V. LEE RAY EDENS, APPELLEE.

345 N.W.2d 16

Filed March 2, 1984. No. 83-099.

C. Morris Gillespie, for appellant.

Steven C. Smith of Van Steenberg, Brower, Chaloupka, Mullin & Holyoke, for appellee.

BOSLAUGH, WHITE, HASTINGS, and SHANAHAN, JJ., and BRODKEY, J., Retired.

HASTINGS, J.

This is an action for recovery of the balance due on a written contract to build a grain storage facility, brought by the plaintiff, Pioneer Enterprises, Inc. (Pioneer), against the defendant, Lee Ray Edens.

In this action at law, tried without a jury, Edens raised the defenses that the agreement was not substantially performed, that Pioneer failed to perform the agreement in a workmanlike manner, and that the grain storage facility was not fit for the purpose for which it was intended. Edens also raised various setoffs and counterclaims, some of which were settled prior to trial.

Pioneer appeals the district court findings that it did not substantially perform the terms of the agreement, that the grain storage facility was not erected in a workmanlike manner and was not fit for the purpose for which it was intended, that the building defects could not be corrected without dismantling and reconstructing the structure, that the value of the building as constructed was $25,000, which had already been paid, and that Edens had not accepted the facility.

On appeal to this court the only assignment of error necessary for us to consider is whether there was sufficient evidence to sustain the judgment of the trial court.

The judgment of the trial court in a law action

where a jury has been waived has the effect of a jury verdict and will not be set aside unless clearly wrong. *Moss v. Speck*, 209 Neb. 46, 306 N.W.2d 156 (1981). Also, in determining the sufficiency of the evidence to sustain a judgment in a law action, it must be considered most favorably to the successful party, every controverted fact must be resolved in that party's favor, and he must have the benefit of any inferences reasonably deducible from it. *Tibbs v. Fisher*, 208 Neb. 306, 303 N.W.2d 293 (1981).

The district court found that Pioneer did not substantially perform the terms and conditions of the parties' agreement because the building was never fit for the intended purpose of storing grain. While it is true Edens did store grain in this Curvet building, the evidence is uncontroverted that many leaks existed which rendered the facility useless as a storage facility. Even the plaintiff's expert, Meridath Schaff, believed the facility was not fit to store grain in, and testified that puddles of water were caused by leaks from the ceiling of the building and by leaks from outside the stem wall.

Although there is a conflict between the evidence offered by the parties, there were other defects and omissions by Pioneer which rendered the Curvet building ineffective. There was an absence of a necessary auger or scroll or number of downspouts needed to distribute grain. Next, the aeration system, integral to a large storage system, had not been installed properly and did not work. Also, there was testimony to indicate concrete work was incomplete and one of the motors supplied was defective, while another was not even received.

It is clear there is more than sufficient evidence present to affirm the district court judgment.

It is well recognized that, as a general rule, every contract for work or services includes an implied duty to perform the work or services skillfully, carefully, diligently, and in a workmanlike manner. *Tibbs v. Fisher*, *supra*. The written contract pro-

posals contained an express warranty as follows: "All work to be completed in a workmanlike manner according to standard practices."

The record abounds with evidence of unacceptable workmanship. The most characteristic evidence is the testimony of Doug Keszler, who had been in the steel erection business for 12 years and had built six Behlen Curvet facilities similar to the one in this case. Keszler stated: "From my opinion as to what is causing this building to leak is just a little bit of everything. It is not one particular problem. It is some unacceptable workmanship practices, some missing washers, some elongation of bolt holes, improperly applied caulk and it all attributes to what I counted 57 leaks in the building . . . ."

Substantial performance is shown in a building contract when all of the essentials necessary to the full accomplishment of the purposes for which the thing contracted for has been constructed and performed with such an approximation to complete performance that the owner obtains substantially what is called for by the contract. *Tibbs v. Fisher, supra; Jones v. Elliott*, 172 Neb. 96, 108 N.W.2d 742 (1961). The evidence shows Pioneer failed to substantially perform its contract in a workmanlike manner.

In building and construction contracts, in the absence of an express agreement to the contrary, it is implied that the building will be erected in a reasonably good and workmanlike manner and will be reasonably fit for the intended purpose. *Henggeler v. Jindra*, 191 Neb. 317, 214 N.W.2d 925 (1974). Here, Pioneer was in the business of erecting grain storage facilities and Edens relied on Pioneer to select its own materials to construct the facility. Leaks in the building caused substantial water and insect damage until the structure was emptied, beginning in late 1981 and finishing in March 1982, by order of the ASCS. Edens had not used this building for grain storage since March 1982, but could use the

facility as a garage or shop, since the building is useless for long-term grain storage.

The judgment of the district court is affirmed.

AFFIRMED.