DENNIS R. OCANDER, APPELLEE, V. B-K CORPORATION, A CORPORATION, APPELLANT.

292 N. W. 2d 567

Filed May 20, 1980. No. 42765.

David L. Buelt of Ellick, Spire & Jones, for appellant.

Jon S. Okun and Richard Calkins of Eisenstatt, Higgins, Kinnamon & Okun, P.C., for appellee.

Heard before BOSLAUGH, BRODKEY, and HASTINGS, JJ., and WARREN and FUHRMAN, District Judges.

FUHRMAN, District Judge.

The plaintiff, Dennis R. Ocander, brought this action against the defendant, B-K Corporation, in the municipal court of Omaha, Nebraska. The petition of the plaintiff prayed for damages, alleging a promise to pay salary and expenses. Trial was had before the municipal court sitting without a jury and judgment entered for plaintiff for $4,298.82 plus costs. Defendant then appealed. After review de novo on the record, the District Court for Douglas County, Nebraska, reduced the judgment to $4,048.82 and costs. Defendant has appealed. We affirm.

Dennis R. Ocander went to work for Consolidated Communications Corporation, Inc., in July 1977, as a salesman who traveled to different cities to sell commercial songs and jingles to be used on radio stations. Mr. Ocander was to be paid a base salary of $300 per week and commissions over that amount. His expenses were also to be reimbursed by Consolidated. In December 1977, Mr. Ocander agreed to a reduction in his base salary to $500 every 2 weeks because of the financial problems Consolidated was having at that time. By the end of 1977, Consolidated was in arrears to Mr. Ocander for expenses and his salary.

Mr. Ocander's evidence was that, in January 1978, he was informed that Tim Kaiser, an employee of B-K Corporation, was coming in to run Consolidated. Mr. Ocander claims that Tim Kaiser assured him that B-K would see to it that his expenses and salary would be paid if he continued to make his sales calls. Mr. Ocander continued to travel for Consolidated in reliance on these representations until the first week of March 1978. He was not paid his expenses or his salary.

B-K introduced evidence by Mr. Kaiser and other B-K personnel categorically denying having made the sort of assurances or promises claimed by Mr. Ocander. Prior to commencement of trial before the municipal court, the parties entered into a stipulation that if any promises were, in fact, made, they were made in behalf of B-K Corporation.

B-K Corporation claims that the trial court erred in its rulings on the scope of evidence properly admissible under appellant's general denial; that the trial court erred in its ruling on the admissibility of appellant's evidence of the bad reputation for truthfulness of one of the appellee's witnesses; and that the District Court erred in its reliance on the conclusions of the trial court when the trial court's conclusions were the product of errors of law.

The first error claimed by the appellant is that much of appellant's evidence was excluded at the trial because of the trial court's unduly restrictive view of the matters at issue. Specifically, the trial court ruled that B-K's use of a general denial in placing the case at issue precluded the introduction of evidence which appellant claimed was necessary to provide background information to properly consider the case.

The appellant contends that background information concerning the reason for the B-K loans to Consolidated and the reason for Mr. Kaiser's presence in the Consolidated offices was necessary to deter-

mine whether it was more probable than not that promises allegedly made by Mr. Kaiser to Mr. Ocander were actually made. The pleadings do not contain any allegations as to the financial arrangements between Consolidated and B-K Corporation. The parties prior to trial had, as noted above, stipulated that if any promises were made, they were made on behalf of B-K. This stipulation limited the issue to whether or not promises were in fact made to Mr. Ocander by the appellant. Any arrangement between Consolidated and B-K was immaterial as to whether or not any promises were actually made. The authority to make these promises was never questioned.

"The right to introduce evidence depends upon there being an issue of fact as to which it is relevant. The issues are made by the pleadings; and unless there is an issue of fact before the court, there is no right to introduce evidence to prove or disprove the fact." *Midland-Ross Corp. v. Swartz,* 185 Neb. 484, 486, 176 N.W.2d 735, 736-37 (1970). This holding was followed in *Timmerman v. Hertz,* 195 Neb. 237, 238 N.W.2d 220 (1976).

It is undisputed that B-K had taken over operational control of Consolidated and that Mr. Kaiser was placed in the Consolidated office as a representative of B-K Corporation. The trial court was informed of the connection that appellant was trying to draw between the financial arrangement of the companies on the issue of whether or not promises were made. The appellant was given an opportunity to make an offer of proof to complete the record.

The trial court's decision was that the excluded testimony was collateral to the main issue and that the financial arrangement between the two companies was immaterial to Mr. Ocander's claim. "The reception of evidence collateral to the main issue is within the sound legal discretion of the trial court." *Balog v. State,* 177 Neb. 826, 831, 131 N.W.2d 402, 407 (1964).

The trial court properly limited the testimony to the issues of fact raised by the pleadings. In light of B-K's stipulation, the trial court correctly decided that the exact circumstances of B-K Corporation's presence in the office of Consolidated were immaterial and collateral to the main issue at trial.

The second alleged error made by the trial court deals with the admissibility of B-K's evidence of the bad reputation for truthfulness of one of Mr. Ocander's witnesses. One of B-K's witnesses at the trial, Frances Thomas, was prepared to testify to the bad reputation for truthfulness of one of Mr. Ocander's witnesses. The municipal court did not allow this evidence into the record.

The admissibility of this impeachment testimony must be governed by the rules of relevancy. Neb. Rev. Stat. § 27-401 (Reissue 1975), part of the Nebraska Evidence Rules, says: "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Neb. Rev. Stat. § 27-403 (Reissue 1975) says: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Mr. Ocander had presented four witnesses who stated that B-K, through Mr. Kaiser, had promised to pay his salary and expenses and those of the other Consolidated salesman. The testimony sought to be impeached was cumulative. The reputation for truthfulness of one witness did not make the fact testified to more or less probable when several other witnesses had testified in the same manner. Under §§ 27-401 and 403, the trial court was within its discretion in disallowing the testimony.

At most, the exclusion of the opinion was harmless error. This action was not being tried to a jury. The appellant made an offer of proof and the same appears in the record. The trial court heard B-K's witnesses deny that any promises were made to pay salaries and expenses to Mr. Ocander.

B-K Corporation's final assignment of error is that the District Court, on appeal, erred by its reliance on the conclusions of the municipal court when the municipal court's conclusions were the product of errors of law. Having found that the trial court's conclusions were based on proper evidentiary rulings, we find that this assignment of error is without merit.

The District Court properly affirmed, as modified, the judgment of the municipal court.

AFFIRMED.